GEORGE KERN, Plaintiff in Error, *vs.* SARAH E. CHALFANT, Administratrix, &c., Defendant in Error.

ERROR TO THE DISTRICT COURT OF WASHINGTON COUNTY.

When the affidavit by which a judgment by confession is verified, is signed by the Defendant, it is a sufficient signing of the statement.

A statement upon which a judgment is confessed for money due, based upon the following facts, is good: "This confession is for a debt justly due to the Plaintiff, arising upon the following facts: twenty-eight hundred dollars for money loaned by the Plaintiff to the Defendant, and now due Plaintiff."

A statement containing the following facts as a basis, is bad: "This confession is for seven hundred dollars for a liability incurred by Plaintiff in indorsing a bond for the Defendant, which bond is for that amount."

Where a statement contains two counts like the above, the judgment may be upheld for one sum, and cancelled as to the other, in the absence of all fraud.

Where a party executes a deed for another, acting as attorney in fact for the grantor, the covenants in the deed do not estop the attorney, but only the grantor and those in privity with him.

Where an administratrix of an estate forecloses a mortgage belonging to the estate, and purchases the land for herself, the sale may be set aside by the heirs or those interested, but the question cannot be made by strangers.

A writ of error lies to any final judgment, whether in a suit at law or in equity.

Points and Authorities of Plaintiff in Error.

I.—The Court below erred in each of the conclusions of law found, except the ninth.

1st. Because the facts found show a sufficient statement of

Kent v. Chalfant.

the facts out of which the indebtedness from Bachin to Kern arose, to authorize the entry of a judgment by confession under our statute. *Comp. Stat.*, *chap.* 72, *sec.* 2 ; 9 *How. Pr. Rep.*, 64; 9 *id.*, 61; 12 *id.*, 141; 6 *Smith*, 447.

2d. Because the Court, having found that there was no actual fraud, the judgment must stand, however irregular the statement may have been.

3d. Thompson, and the Plaintiff claiming under him, having purchased the premises with constructive notice of the judgment, are estopped from attacking it either upon the grounds of irregularity or fraud.

4th. The entry of said judgment was not a fraud on the rights of said Plaintiff, although irregular, and as the statute was intended to prevent fraud, a court of equity will not lend its aid to defraud the Plaintiff in Error of the money actually advanced on the strength of this judgment, simply because the Defendant in Error has seen fit to purchase the premises described in this action, three years after, with the record before her.

5th. It is only on the ground that the judgment was a fraud on the rights of the complaining party, that they have ever been set aside.

II.—The statement in regard to the $2,800, is sufficient, and the judgment should remain as to that item, although the Court should deem it insufficient as to the liability on the bond.

III.—The Defendant in Error could not become the purchaser, in the capacity of administratrix, at the sale on foreclosure.

IV.—The Court has no authority to relieve against irregularities after one year from the entry of the judgment, in the absence of fraud. *Comp. Stat.*, *p.* 544.

V.—Both parties in this case have stipulated, and the Court has also found, that there was no fraud in the confession and entry of this judgment, and a court of equity should never interfere simply to correct an irregularity, after the judgment had remained for five years undisputed, much less to declare the judgment void.

Kont v. Chalfant.

Points and Authorities of Defendant in Error.

I.—By the statute of this State certain prerequisites are made necessary to give the District Court jurisdiction to enter judgment by confession. The Court in this case found (very properly) that the statement upon which the judgment in controversy was entered, lacked the essential elements to give the Court any jurisdiction in the matter. The judgment was therefore void *ab initio*,—not simply irregular. Fraud in fact need not enter into the transaction; no fraud was alleged in the complaint, and therefore the admission that there was no fraud in fact, and the finding of the Court in the terms of the admission, do not prevent the transaction from being a fraud in law. That the statement upon which the judgment was entered was wholly insufficient to give the Court any jurisdiction to enter a judgment, there can be no doubt. *Comp. Stat.*, *p.* 642.

From the almost numberless decisions in New York arising under a statute in the identical language of ours, we cite 10 *How.*, 494; 11 *id.*, 504; 2 *Kern.*, 215; 12 *How.*, 411; *id.*, 141; *and in* 13 *How.*, *cases reported on pp.* 25, 142, 418, 472. No portion of the judgment attacked, can be upheld by any of these decisions.

II.—It is stipulated that the Plaintiff was in possession of the premises, and the owner of the same, and her right to become such owner cannot be attacked here.

III.—This judgment being improperly on the records of the Court, was no notice to any one. *Parrett et al. vs. Shaubhut*, 5 *Minn.*, 323. And if it were notice, the whole record going together, would give notice merely of a void judgment.

Defendant in Error moves to dismiss the writ of error, because the action being one of a purely equitable nature, an appeal only will lie. *Compiled Statutes*, *pages* 480, 673, *and* 623.

DANIELS & GRANT, Counsel for Plaintiffs in Error.

WM. M. McCLURE, Counsel for Defendants in Error.

*By the Court*—FLANDRAU, J.—The statement upon which the judgment was confessed and entered, is not as full, nor is it as well drawn as it should have been. Yet we do not think it is so lacking in matters of substance as to be void. The statute (*Comp. Stats.*, 642) requires the statement to be signed and sworn to by the Defendant. Both these requisites have been complied with. The Defendant's name appears to the affidavit by which he verifies the facts stated above. This is a sufficient signing. It authorizes the entry of judgment for a specified sum. It being both for money due, and to secure the Plaintiff against a contingent liability, we will examine the two clauses separately, and see whether the statute has been complied with. *Subdivision 2 of section 2*, is as follows :

" If it be for money due, or to become due, it must state concisely the facts out of which it arose, and must show that the sum confessed therefor, is justly due or to become due."

The allegation in the statement is as follows :

"This confession is for a debt justly due to the Plaintiff, arising upon the following facts : twenty-eight hundred dollars for money loaned by the Plaintiff to the Defendant, and now due Plaintiff."

It is difficult to see how much more could be said in confessing a judgment for money loaned. The loan is the whole transaction, the only fact out of which the liability arises, and when you have said that the Plaintiff loaned the money to the Defendant, and that it is due, the facts are all narrated. Where the money is due upon some transaction such as the purchase of goods, or land, a concise statement of the fact that the Plaintiff had sold the Defendant dry goods, or a horse, or land, that it was worth such a sum, and had not been paid for, and was due, would be necessary and sufficient, but it would be after all but a showing that the judgment is confessed upon a valuable and just consideration, which is the purpose of the statute in requiring the facts out of which the indebtedness arose to be stated. What can form a better consideration for indebtedness, and a more solid foundation for a

judgment than a loan of money from the Plaintiff to the Defendant. This statement says in so many words that the judgment is confessed for a debt justly due, arising out of the fact that the Plaintiff had loaned to the Defendant twenty-eight hundred dollars. As to this part of the judgment, it is sufficient.

The balance of seven hundred dollars is stated thus : "This confession is for * * * * * seven hundred dollars for a liability incurred by Plaintiff in indorsing a bond for the Defendant which bond is for that amount." This portion of the judgment we cannot uphold. The object of the statute, as we have observed, is to make the record show for itself a fair and valuable consideration for the judgment. It has been frequently held that the record must show more than the existence of a promissory note, it must also show what was the consideration for the note ; and the same would be true of a bond or any other contract for the payment of money. This is to prevent fraud. The same principle may be applied to the endorsement of paper, when such a liability is alleged as the consideration for a judgment. The mere statement that a note had been indorsed by the Plaintiff for the Defendant would not be sufficient ; some facts would be required, showing that the liability was incurred in good faith. The allegation that the Plaintiff endorsed a "bond" for the Defendant, is still more defective. We might infer that the Plaintiff had written his name upon the back of the bond, but whether that would create any liability is not clear. The judgment cannot be sustained for the seven hundred dollars.

The Court below finds distinctly that there was no fraud in fact in confessing the judgment, we see no difficulty therefore in allowing it to stand for the amount due for money loaned, and ordering it cancelled for the balance.

Kern, in executing the deed with covenants to Thompson, did not estop himself in any manner. He was merely the attorney of the grantor. It was the principal who covenanted, and no one else is bound save those in privity with him. His agent is not of this class.

The point made by the counsel for the Plaintiff in Error, that the judgment could not be disturbed after a year from

the time of its entry, is founded upon section 94 on page 544 of the Compiled Statutes. This section is inapplicable to the present case; it is intended to afford relief to parties against whom judgments or orders may have been taken, and limits the time within which such relief may be granted, to one year after notice has been received of the judgment, order or proceeding.

The Plaintiff in Error has no right to raise a question on the purchase of the land under the mortgage by the administratrix. No one can call that act in question save the *cestui que trust*. *Baldwin vs. Allison*, 4 *Minn. R.*, 25.

There was a preliminary motion in this case to dismiss the writ of error on the ground that a judgment in a case purely equitable could only be reviewed on appeal. The same question was presented to this Court in the case of *Hawke and wife vs. Banning and Bucknell*, 3 *Minn. R.*, 67, and was decided by sustaining the writ. The brief of counsel for the Defendant in Error is published by the reporter, but for some reason no opinion was given upon the point. We think a writ of error will lie to any final judgment.

The judgment is reversed, and judgment ordered to be entered, decreeing all that portion of the judgment by confession which is based upon the liability incurred by indorsing the bond to be void; the balance to stand.