JOHN A. MERRICK, impleaded, etc.,

*v.*

WILLIAM WAGNER, for the use of JAMES YOUNG.

AGENCY—*powers of agent—to sign a replevin bond.* M. executed to H. a power of attorney under seal, authorizing him to settle his business and collect all claims due to him in the State of Illinois; which instrument conferred

upon him extensive powers in relation thereto, giving him authority to generally do all and every act and acts, thing and things, service and services, in the law whatsoever needful and necessary to be done, in the settlement of such business, and the collection of the claims. *Held,* that a replevin bond, executed by H., as M.'s attorney, under this instrument, was within the scope of his authority and binding upon M.

APPEAL from the Superior Court of Chicago.

The opinion states the case.

Messrs. E. A. STORRS and E. B. SHERMAN, for the appellant.

Messrs. SCATES, BATES & TOWSLEE, for the appellee.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

This was an action of debt, brought by appellee against appellant in the Superior Court of Chicago, on a replevin bond, which appears to have been executed by Hughes as Merrick's attorney. The evidence showed the replevying of the property by Merrick, a trial subsequently had, and a recovery by defendant in the replevin suit, and a judgment of *retorno habendo,* and that the property was of the value of $550. A verdict was found in this case for the plaintiff for the debt mentioned in the replevin bond, and six hundred and forty dollars damages. A motion for a new trial was entered and overruled, and a judgment rendered on the verdict, to reverse which, this appeal is prosecuted.

The only question is, whether, under the power of attorney executed by Merrick to Hughes, the latter had power to execute the replevin bond sued on in this case. This is the power of attorney under which the bond was executed:

"Know all men by these presents: That I, John A. Merrick, of Chicago, Cook county, and State of Illinois, have constituted, made and appointed, and by these presents do constitute, make and appoint, my trusty friend, Thomas Hughes, of the city of Chicago, county of Cook, and State of Illinois, to be my true and lawful attorney, for me and in my stead,

and in my name, and to my use, to ask, demand, sue for, levy, recover and receive all such sum and sums of money, debts, rents, goods, wares, dues, accounts and other demands whatsoever, which are or shall be due, owing, payable and belonging to me, or detained from me in any manner of ways whatsoever, by any person or persons whatsoever, their heirs, executors and administrators, or any of them, giving and granting unto my said attorney, by these presents, my free and whole power, and strength, and authority to prosecute and do all business belonging to me in the State of Illinois, in my name and for my benefit and behoof, and in and about such premises, to have, to sue and take all lawful means and ways in my name for the prosecution of my business, and for the receiving of any and all sums now due and owing, or which may hereafter be due and owing, to me in said State of Illinois, and upon the receipt of any such debts, dues or sums of money, aforesaid, acquittances, or other sufficient discharges, for me, and in my name, to make, seal and deliver, and, generally, all, every other act and acts, thing and things, device and devices, in the law whatsoever, needful and necessary to be done in and about the premises, that is, in and about my said business generally, in the State of Illinois, for me and in my name, to do, execute and perform as largely and amply to all intents and purposes, as I might or could do if personally present, and attorneys, one or more, under him, for the purpose aforesaid, to make and constitute, and again, at pleasure, to revoke, ratifying, allowing and holding for, firm and effectual, all and whatsoever, my said attorney shall lawfully do in and about the said premises heretofore named, by virtue hereof.

"In witness whereof, I have hereunto set my hand and seal, this 7th day of March, 1864.

"JOHN A. MERRICK. [SEAL.]

"In presence of
    "WM. B. SNOWHOOK."

We see that this instrument confers upon the attorney large powers in reference to the settlement of the business of appellant, and the collection of his claims. Appellant Merrick

authorized his attorney to generally do all and every other act and acts, thing and things, device and devices, not already specified, in the law whatsoever, "needful and necessary to be done, in and about the business generally in the State of Illinois," for him and in his name. When it is remembered that the business referred to was to sue for and collect money in Illinois, there can be no doubt that this general power was amply sufficient to authorize the execution of this bond. It is as full and complete as if it had specified the execution of this bond. That act was deemed necessary to the collection of money, or the recovery of Merrick's property. If Merrick held a mortgage on this property, or had a prior lien to secure any sum of money due or owing to him, the execution of the power of attorney related to its collection, and its execution was within the scope of the authority. It seems to have been within the scope of his authority, and was therefore binding on his principal. The judgment of the court below must be affirmed.

*Judgment affirmed.*