AVERILL v. BOYLES ET AL.

1. **Promissory Note:** FRAUD: FACTS CONSIDERED. Facts considered which were held to render a note void for fraud as between the parties thereto.

2. **Practice:** INTERROGATORIES ATTACHED TO PLEADING. The answers to interrogatories attached to a pleading must be verified by the affidavit of the party answering. Where the *jurat* of the notary alone was attached to such answers, it was held that they should have been suppressed as incompetent.

*Appeal from the Superior Court of the City of Cedar Rapids.*

SATURDAY, DECEMBER 13.

THE plaintiffs claim of the defendants the amount of a promissory note executed by the defendants to the "Treasurer of the National Iowa Fence Company, of Cedar Rapids, Iowa, or order," for $100, dated October 12th, 1878, payable twelve months after date, with reasonable attorney fees if suit be instituted, and indorsed as follows:

"National Iowa Fence Company of Cedar Rapids, Iowa, by T. J. Higgins, Secretary." The petition alleges that the payee of the note is a corporation organized under the laws of the State of Iowa, and that the note was duly transferred to plaintiff before maturity by the indorsement above set out.

The defendants filed a very voluminous sworn answer denying the execution of the note and of the indorsement thereof to the plaintiff and that the plaintiff is the owner of the note. By way both of defense and as an equitable counter claim, the defendants set up with great prolixity the alleged fraudulent circumstances under which the note was executed and asked that it be canceled by order of the court. The defendants annexed to this answer numerous interrogatives to be answered by the plaintiff. Upon the filing of the plaintiff's answers to these interrogatives, the defendants asked leave to withdraw their interrogatives, and to suppress the plaintiff's answers filed thereto, upon the following grounds:

"1. They are not verified as required by section 2698 of the Code of 1873.

"2. They are sworn to before Mason P. Mills, the attorney of plaintiff."

The court overruled this motion and defendants excepted. The cause was tried by the court and a finding of facts submitted, whereon the court found as a conclusion of law that there was no fraud in law in the inception of said note. The court rendered judgment against the defendants for the amount of the note and twenty-five dollars attorney fee. The defendants appeal.

*Williams & McMillen*, for appellants.

*Mills & Keeler*, for appellant.

DAY, J.—I. We think that the note was procured under such circumstances of fraud as would render it incapable of enforcement between the original parties. The evidence shows that the parties who took the note represented to the defendant that the National Iron Fence Company was the only party that manufactured steel

1. PROMISSORY note: fraud: facts considered.

barbed wire, and had the exclusive right to sell it, and that they would furnish the defendant wire for sale, giving him the exclusive control of Monroe township, in Mahaska county. The note was executed for stock in the company. At the time of taking the notes the following contract was executed and delivered to the defendant: "That the party of the first part hereby appoints the said Sylvester Boyles their sole agent in the township of Monroe, county of Mahaska, State of Iowa, to sell their iron post and barbed wire fence, to receive for said service ten per cent for all wire fence or wire sold, at retail prices, whether iron or wooden posts, and twenty-five per cent of the notes taken for memberships, not to exceed five in number; one-half commissions due party of the second part shall be retained by the company to apply on a note of $100 of even date herewith (given for stock in said National Iron Company) until said note shall be liquidated, provided they shall reach that amount, after which all commissions to be paid in cash, and to be settled in full annually. The inducement to execute the note and take $100 stock was that the company was engaged in the manufacture of steel barbed wire, and was the only party that manufactured such wire. The note also was to be paid out of the defendant's commissions on the sale of wire to be furnished him by the company. The evidence showed that the company never manufactured any wire, and had no facilities for manufacturing wire, and that they never furnished any to the defendant for sale. It is clear, we think, that the note between the original parties could not be enforced, and that the court erred in holding there was no fraud in the inception of the note.

II. The defendants attached to their answer certain interrogatories to be answered by the plaintiff. The only verifica-

2. PRACTICE: interroga- tives attach- ed to plead- ing.
tion to these answers is as follows: "Subscribed and sworn to before me this 7th day of January, A. D. 1879. Witness my hand and notarial seal.

MASON P. MILLS, *Notary Public.*

The defendants moved to stike out the answers because not verified as required by section 2698 of the Code of 1873. This motion was overruled, and the defendants excepted.

Section 2698 of the Code provides: "The answer to the inter-rogatories shall be verified by the affidavit of the party answer-ing, to the effect that the statements in them made of his own personal knowledge are true, and those made from the information of the others he believes to be true." An affida-vit is a declaration in writing made by a party and sworn to before some person authorized to administer an oath. No affidavit whatever is attached to these interrogatories. There is nothing but the signature of the notary that the answers were subscribed and sworn to before him. Whether the party swore that the answers were true, or true as he believed, we have no means of knowing. There has not been a substantial compliance with section 2698 of the Code. The answers to the interrogatives should have been suppressed.

III. The note being fraudulent as between the original parties, the plaintiff cannot recover unless he shows that he is a *bona fide* holder, for value, before maturity. There is no evidence upon this subject but the answers to the defendant's interrogatories, which we hold should be suppressed.

IV. The defendants claim that if the note is found to be fraudulent it should, pursuant to the prayer of their cross-petition, be canceled. This cannot be done. The note is in the hands of a third person, and he may be able to show that he is an innocent holder for value.

REVERSED.