THOMAS R. SHARP v. DANVILLE, MOCKSVILLE AND SOUTH-
WESTERN RAILROAD COMPANY.

*Judgment Confessed — Corporation — Motion in the Cause —
Receiver — Fraud — Irregularity — Final Judgment — Find-
ings of Fact.*

1. Upon motion in the cause, it appeared that the defendant railroad
   company, by order of its board of directors and the action pursuant
   thereto of its President and Secretary, had confessed certain.
   judgments in favor of its President, just prior to the road's going
   into the hands of a receiver: *Held*, that the Court below prop-
   erly refused to consider any allegations of fraud. These should
   be made in an independent action properly constituted for this
   purpose.

2. Judgments by confession being final judgments, cannot be attacked
   for fraud in this way ; and no substantial irregularity being
   shown, this Court will not, in the proceedings had in this action,
   review the findings of fact by the Court below.

3. A corporation, nothing to the contrary appearing, may, by the action
   of its proper officers, confess judgments as a natural person, if the
   essential requirements of the statute are complied with.

4. Discussion by MERRIMON, C. J., as to the requisites of a judgment
   confessed under *The Code.*

This was a motion to vacate certain judgments, heard by
*MacRae, J.*, at Greensboro, November 6, 1886.

It appears that a cause in equity was pending in the Cir-
cuit Court of the United States in and for the Western Dis-
trict of North Carolina, wherein the Richmond and West
Point Terminal Railway and Warehouse Company were the
complainants, and the Danville, Mocksville and Southwest-
ern Railroad Company and others were defendants. In that
cause, on the 7th day of November, 1885, J. Turner Morehead
was appointed receiver of the last named corporation, defend-

ant, charged with authority and power to take into his possession and control all its property, effects, &c.

On the same day, after the said appointment of the said receiver, the said defendant railroad company confessed two judgments in favor of the present plaintiff in the Superior Court of the county of Rockingham, purporting and intending to confess the same, as allowed and provided by the statute (*The Code*, §§ 570–572).

The following is a transcript of the record of the first of those judgments as it appears of record:

THOMAS R. SHARP
*v.*                          Filed April 16, 1887.
DANVILLE, MOCKSVILLE &c. R. R. Co.

*Resolved* by the Board of Directors of the Danville, Mocksville and Southwestern Railroad Company, That Secretary E. C. Winstanley be and he is hereby directed, for and in behalf of the said Danville, Mocksville and Southwestern Railroad Company, to confess judgment in the Superior Court of Rockingham County in favor of Thomas R. Sharp against said company in the sum of eight thousand one hundred and fifty-four dollars and forty-one cents ($8,154.41), found justly due unto him in his individual account above reported and approved; also, to confess judgment against said company in favor of Thomas R. Sharp in the sum of sixteen thousand eight hundred and sixty-seven dollars and sixty cents ($16,867.60), on account of his contingent liabilities, with interest on $8,017.60 thereof from the 14th day of November, 1881, and on $4,600 thereof from the 26th of November, 1885.

Witness my hand and corporate seal of D., M. & S. W. R. R. Co., Nov. 7th, 1885.

H. M. SHIVLER,
A true copy of original.                  *Vice-President.*

DANVILLE, MOCKSVILLE AND SOUTHWESTERN RAILROAD CO., *In account with* THOMAS R. SHARP, *by reason of contingent liabililies for and in behalf of said company.*

To individual endorsement of a draft in favor of Burnham,
  Parry, Williams & Co. for the sum of.....................$ 8,017 60
  accepted by Thomas R. Sharp, as President of said company,
  on the 12th day of October, 1881, and payable on the 14th
  day of November, 1881, and bearing interest from the 14th
  day of November, 1881.
To individual endorsement of a draft of E. C. Winstanley,
  Secretary of D., M. & S. W. R. R. Co., in favor of Johnston
  & Cheek for money loaned, dated October 24th, 1885, and
  due and payable on the 26th day of November, 1885......... 4,600 00
To his individual liability as surety in seventeen conditional
  penal bonds, each in the sum of two hundred and fifty dol-
  lars, filed and signed by him as President of said company,
  and also signed by him as surety in seventeen several suits
  now pending in Superior Court of Rockingham County upon
  seventeen several petitions for *recordari* and *supersedeas* in
  matters of *J. Turner Morehead & Co.* v. *Danville, Mocks-
  ville and Southwestern Railroad Company*, as of record in
  said Court may be fully seen, aggregating ................. 4,250 00
                                                             ─────────
                                                             $16,867 60

Duplicate original.                          THOMAS R. SHARP.

Subscribed and sworn to before me, this November 7, 1885.
                                   JONES W. BURTON, J. P.


STATE OF NORTH CAROLINA, ⎱ *Superior Court.*
    Rockingham County.   ⎰

      THOMAS R. SHARP, *Plaintiff,*      ⎫
                 *v.*                     ⎬
THE DANVILLE, MOCKSVILLE AND SOUTH-       ⎭
    WESTERN RAILROAD COMPANY, *Def't.*

The Danville, Mocksville and Southwestern Railroad
Company, by E. C. Winstanley, Secretary of said company,
being thereunto duly authorized by said company, hereby
confesses judgment in favor of Thomas R. Sharp, the plain-
tiff above named, for sixteen thousand eight hundred and

sixty-seven dollars and sixty cents, with interest on $8,017.60 thereof from 14th day of November, 1881, and $4,600 thereof from 26th day of November, 1885, until paid.

This confession of judgment is to secure the plaintiff against divers liabilities on behalf of the Danville, Mocksville and Southwestern Railroad Company, amounting, in the aggregate, exclusive of interest, to the principal sum above stated, the several liabilities arising upon the following facts, to-wit:

1. The said Thomas R. Sharp, as President of said company, accepted the draft of Burnham, Parry, Williams & Co., in the sum of $8,016.35, and endorsed the same individually, of which the following is a copy, to-wit:

"$8,016.35. PHILADELPHIA, Oct. 12th, 1881.

"Thirty days after date, pay to the order of Thos. R. Sharp eight thousand and sixteen dollars and thirty-five cents, value received, and charge to account of

"BURNHAM, PARRY, WILLIAMS & Co.

"To Thos. R. Sharp, Esq., President Danville, Mocksville "and Southwestern Railway, No. 115 Broadway, New "York."

(Endorsed, "Thos. R. Sharp.")

The consideration of said draft was the purchase-money for the railroad engine or locomotive, "Lilly C. Morehead," bought for use upon roadway of said company, and the same went to protest at the cost of $1.25, and on this draft the drawers have brought suit in the State of Virginia against the Danville, Mocksville and Southwestern Railroad Company, and the said Thomas R. Sharp individually, and have also brought suit in the State of North Carolina, which is now pending (coupled with an attachment of said Sharp's real estate in North Carolina) against the said Thomas R. Sharp individually, as endorser of said draft.

2. On or about the 24th day of October, 1885, the said Thomas R. Sharp became individually liable, by endorsement of a draft drawn by E. C. Winstanley, Secretary of the said railroad company, drawn upon Thomas R. Sharp, President of said company, and by said Thomas R. Sharp individually endorsed, and thereafter passed to Johnston & Cheek, bankers, for full value, who are now the holders thereof. The consideration of said draft was money loaned by Johnston & Cheek upon said draft, so endorsed, for the use and benefit of said railroad company, and the same will become due and payable on November 26th, 1885, and the said Thomas R. Sharp will thereafter be under contingent liability to pay the same.

3. In the month of September, 1885, in seventeen suits now pending in the Superior Court of Rockingham County, upon petitions for *recordari* and *supersedeas* in the matter of J. Turner Morehead & Co. *v.* The Danville, Mocksville and Southwestern Railroad Company, the said Thomas R. Sharp became liable, as surety, to said company in seventeen penal bonds, each in the sum of two hundred and fifty dollars, required by the Court to be filed by said company, the aggregate of which seventeen penal bonds is the sum of forty-two hundred and fifty dollars, as may be seen by reference to the records of the Superior Court of Rockingham County, in which said suits are pending, and the object of which petitions for *recordari* is to prevent the forced sale and sacrifice of the property of said company.

A statement of said Thomas R. Sharp's account against said company by reason of said contingent liability, duly sworn to, is hereto attached, and is hereby made a part of this statement, which said exhibit was, on this 7th day of November, 1885, submitted to the Board of Directors of said company, and by them approved, as showing the amount of the said Thomas R. Sharp's contingent liability for and in behalf of said company, and the

said sum for which entry of judgment is hereby authorized is correct, and does not exceed the amount of said contingent liabilities.

Witness the signature of E. C. Winstanley, Secretary of said company, and the corporate seal thereof, hereto affixed, under the specific authority.of the Board of Directors of said company, duly granted by resolution, a certified copy whereof is herewith filed.   This Nov. 7, 1885.

DANVILLE, MOCKSVILLE AND S. W. R. R. Co.,

By E. C. Winstanley, *Secretary.*

STATE OF NORTH CAROLINA, }
   Rockingham County. }

Before me, John T. Pannill, Clerk of the Superior Court of Rockingham County, personally appeared E. C. Winstanley, Secretary of the Danville, Mocksville and Southwestern Railroad Company, who, being duly sworn, maketh oath that he is the Secretary of said company, and that the statement above signed by him is true.

This, November. 7th, 1885.

JOHN T. PANNILL, *C. S. C.*

STATE OF NORTH CAROLINA, } Superior Court.
   Rockingham County. }

THOMAS R. SHARP, Plaintiff, }
         *vs.* } Judgment.
THE DANVILLE, M. AND S. W. R R. Co., Def't. }

On filing the foregoing statement and confession, duly verified, together with the exhibits therein referred to, it is ordered and adjudged by the Court that the plaintiff, Thos. R. Sharp, do recover against the defendant, the Danville, Mocksville and Southwestern Railroad Company, the sum of sixteen thousand eight hundred and sixty-seven dollars and sixty cents, with interest on $8,017.60 thereof from the

14th day of November, 1881, and on $4,600 thereof from the 26th day of November 1885, until paid, according to the, terms of said confession, as a security for the plaintiff's contingent liability in said amount, together with $3 cost hereof.                    JOHN T. PANNILL, *C. S. C.*

This November 7th, 1885.    .

*Resolved,* by the Board of Directors of the Danville, Mocksville and Southwestern Railroad Company, that E. C. Winstanley, Secretary, be and he is hereby, directed for and in behalf of the said Danville, Mocksville and Southwestern Railroad Company, to confess judgment in the Superior Court of Rockingham County in favor of Thomas R. Sharp against said company in the sum of eight thousand one hundred and fifty-four dollars and forty-one cents ($8,154.41), found justly due unto him in his individual account above reported.

Witness my hand and corporate seal of D., M. and S. W. R. R. Co.          H. M. SHIVLER, *Vice-President.*

A. true copy of original.

The record of the second of the judgments so confessed is similar in all respects, except as to the sums specified, the consideration thereof and the exhibit containing the statement of the account showing how the liability of the defendant arose.

The said receiver was specially authorized, by order of the said Circuit Court made in the cause named, to take such legal steps as his counsel might advise to "vacate, modify, set aside, or have declared null and void, or corrected, or enjoined in their collection," the said judgments and other like judgments.

Accordingly, the said receiver gave the plaintiff notice, whereof the following is a copy:

NORTH CAROLINA, } Superior Court.
Rockingham County. }

THOMAS R. SHARP,
*vs.*
THE DANVILLE, MOCKSVILLE AMD SOUTHWESTERN R. R. Co.

*Judgment for $16,867.60, and costs, Nov., 1885. Motion to vacate.*

THOMAS R. SHARP,
*vs.*
THE DANVILLE, MOCKSVILLE AND SOUTHWESTERN R. R. Co.

*Judgment for $8,154.41 and costs, Nov., 1885. Motion to vacate.*

THOMAS R. SHARP, ESQ — Please take notice that, on Saturday, October 30th, 1886, at Winston, Forsyth County, before Hon. James C. MacRae, Judge, as receiver of the Danville, Mocksville and Southwestern Railroad Company, I will move to vacate the above entitled judgments for irregularity, illegality, fraud, and as void. Aug. 18th, 1886.

J. TURNER MOREHEAD, *Receiver.*

Such motion was afterwards made, and the plaintiffs resisted the same, upon the ground, among others, that a like motion had been made before and denied by another Judge, &c. It was insisted that the judgment was, in all respects, a regular and valid one, and not affected by fraud, and that the same could not be attacked for fraud by motion in the action, &c.

At the hearing of the motion, the Court found the facts and gave judgment as follows:

"On the 7th day of November, 1885, J. Turner Morehead was appointed receiver of the Danville, Mocksville and Southwestern Railroad Company, by the Judge of the United States Circuit Court for the Western District of North Carolina, in a suit in equity therein pending, wherein

the Richmond and West Point Terminal Railway and Warehouse Company was complainant, and the Danville, Mocksville and Southwestern Railroad Company, C. C. Sharp, J. P. Dillard, H. M. Shivler and Alex. Smith were defendants. The said individual defendants are directors in the defendant company. The order appointing the receiver was signed at 3 o'clock P. M. on the day aforesaid, a copy of which order is hereto attached.

The complainant filed an injunction bond, and on the 9th of November, 1885, the receiver filed his bond, which was approved, and took charge of the effects of defendant company.

After the hour of 3 o'clock P. M. on Saturday, November 7, 1885, a meeting of the directors of the defendant company was held at Leaksville, N. C., at which meeting were present Thomas R. Sharp, E. C. Winstanley, H. M. Shivler, Alex. Smith and C. C. Sharp. No public notice had been given of said meeting. A resolution was passed at said meeting, authorizing E. C. Winstanley, the Secretary of said company, to confess the judgments in favor of plaintiff. A copy of said resolution is attached to the judgments confessed, which are attached hereto.

The said Winstanley, Secretary, with Thomas R. Sharp and others, proceeded to Wentworth, the county seat of Rockingham County, and the confessions of judgment were handed by said Winstanley to the Clerk of Rockingham Superior Court, between the hours of 11 and 12 o'clock on the same night, in the office of Messrs. Mebane & Scott, attorneys at law, in Wentworth, near, but not in the courthouse, nor in the Clerk's office; the said Clerk was then and there present with the judgment docket of said county; and the said Clerk at once entered the said confessions of judgment upon the judgment docket.

The affidavits failed to satisfy the Court that said entries were made on the said docket after 12 o'clock P. M.

Thomas R. Sharp absented himself from the meeting of directors during the consideration and passage of the resolution aforesaid.

Messrs Mebane & Scott were counsel for the defendant company.

Upon the foregoing facts found, it is considered that the said judgments are not irregular and contrary to the course of the Court, and expressly decline to consider any allegations of fraud in the confessions of judgment, as set out in the motions to vacate. The motion is denied, and judgment is rendered against J. Turner Morehead, receiver, for the costs of this motion."

J. Turner Morehead, receiver (having excepted), appealed to this Court.

*Messrs. J. C. Buxton* and *C. B. Watson*, for plaintiff.
*Mr. P. B. Means*, for defendant.

MERRIMON, C. J.: The record presents no question as to the right of the appellant to have possession and control, as receiver, of the property of the defendant corporation; nor as to the rights of the complainants in the cause in equity mentioned, pending in the Circuit Court of the United States, as against such defendant or its property; nor as to the authority of the last mentioned Court to take jurisdiction and dispose of such property for proper purposes in the cause mentioned pending therein; nor as to how the judgment in this action, which the appellant seeks to have set aside or declared void, if it be valid, may affect adversely the complainants represented by the appellant, or any other persons. The motion of the appellant, if it be granted that he has a right to make it, raises no such question for our decision now. The judgments in question are final in their nature, and hence the motion is limited in its purpose and scope to the inquiry whether or not they are in any material respect

irregular, and must, for irregularity, be set aside or declared void. It is well settled by many decisions that final judgments cannot be attacked for fraud by motion in the cause, and that this can only be done by an independent action brought for the purpose, the object being to avoid confusion, and to require a cause of action so serious to be litigated by regular formal pleadings. Indeed, the right to have a final judgment set aside because of fraud, is, in a substantial sense, an independent cause of action, that should itself be the subject of a separate action.

It seems that the motions to set aside the judgments mentioned, were treated as consolidated and disposed of together, and they must be so treated here.

This is not an equitable motion of the class wherein it is the province of this Court to review the findings of fact in respect thereto, and the matters and things embraced by it, by the Court below, nor can this Court go beyond its findings and hear evidence and find other facts. If further findings of fact should be deemed necessary, this Court might remand the case to the end the same might be made.

We are unable to discover in either of the judgments any *irregularity* such as affects its substance and validity. What particular powers were conferred upon the defendant corporation and its officers by its charter, do not appear; but it sufficiently appears that it was a business corporation, and, as such, under the general statutes of this State in respect to corporations, as well as general principles of law applicable, it might acquire and dispose of property, make and owe debts, sue and be sued. It was the duty of its directors to pay its debts and manage its general business matters—to bring necessary actions in its name—to vindicate its rights, and to defend actions brought against it. There is no reason, so far as appears, why the defendant might not confess a judgment in favor of its honest creditor, and, in possible

cases, it might be just, and promote its interests and convenience to do so.

Its directors, in meeting assembled, appointed and charged its special agent .to confess the judgments in question in its name, in favor of the plaintiff therein. Nothing appears in the record to show that this might not be done in the orderly course of business, just as if it had been a natural person. The defendant could only appear and act by its agent in the way it did do.

The statute (*The Code*, § 570) prescribes that "a judgment by confession may be entered, without action, either in or out of term, either for money due or to become due, or to secure any person against contingent liability on behalf of the defendant, or both, in the manner prescribed by this chapter." A distinguishing feature of such judgment is that it must be *confessed* in the way prescribed, and *entered* of record either in term-time by the Judge, or out of term by the Clerk acting for the Court, and without action. It may be founded on a debt due, or one to come due, or to secure the party to whom it is given against contingent liability, or it may embrace both such debts and liability.

But it is not sufficient to simply confess and enter judgment. It is essential that the confession and entry shall have the additional requisites further prescribed by the statute (*The Code*, §§ 571–572), which are, that "a statement in writing must be made, signed by the defendant and verified by his oath to the following effect: 1. It must state the amount for which judgment may be entered, and authorize the entry of the judgment therefor. 2. If it be for money due, or to become due, it must state concisely the facts out of which it arose, and must show that the sum confessed therefor is justly due, or to become due. 3. If it be for the purpose of securing the plaintiff against a contingent liability, it must state concisely the facts constituting the liability, and must show that the sum confessed therefor does not

exceed the same. The statement may be filed with the Clerk of the Superior Court of the county in which the defendant resides, or, if he does not reside in the State, of some county in which he has property. The Clerk shall endorse upon it and enter on his judgment docket a judgment of the Court for the amount confessed, with three dollars costs, together with disbursements. The statement and affidavit, with the judgment endorsed, shall thenceforth become the judgment roll," &c. It is essential that these requirements shall be observed—certainly, substantially, in every respect. The judgment is given out of the ordinary course of procedure, but, nevertheless, it at once, when docketed, becomes a lien upon the judgment debtor's real property. The purpose of such particular requisites is to give assurance that the consideration underlying the judgment is fair and honest; that the judgment was so confessed *bona fide;* to point to the grounds of indebtedness of the debtor, or the liability provided against, so that another creditor may scrutinize the honesty and good faith of the judgment and the debts for which it was given.

The judgments in question possess, substantially, all the requisites thus prescribed. The statement, in writing, of the first one mentioned is signed by the defendant, by its agent, and sworn to by him. It states, with particularity, the precise amount of the liability, and the grounds thereof, provided against; and the statement, as made fuller by a sworn exhibit of details, points to the grounds of the liabilty with such certainty and such detail as to enable a creditor who might scrutinize it to show, with reasonable effort, that it was not true, if, indeed, it were not so. As to the first draft mentioned, the consideration thereof is particularly specified, and it appears that the defendant got the benefit of it. As to the second draft, it appears that the money realized from it was for the use and benefit of the defendant. In addition,

it was drawn by and on itself, and endorsed by the plaintiff. As to the third ground of liability, it could not be mistaken. The facts stated point to it with such certainty as to make it easy to verify it.

The same may be said as to the second judgment. The second statement, aided by the sworn exhibit connected therewith, shows a detailed account of the dealings between the plaintiff and defendant—the balance due to him and the items of charge making up the whole. These supply the *data* to any creditor who might wish to contest the defendant's indebtedness to the plaintiff on the several accounts specified.

The statements were filed with the Clerk of the Superior Court of the proper county. He entered the judgment confessed on each, and also on his judgment docket. Such statement, with the entry of judgment thereon, made up the judgment roll, to be seen, examined and scrutinized by any person interested. The mere facts that the judgments were entered in the night time, and in the law office of counsel, near to the court-house, for convenience, did not render them void or irregular. The Clerk of the Court, the proper officer, near to his office, having the proper judgment docket with him, received the statements and entered the judgments on that docket, and on the statements respectively. The judgments so confessed, the judgment docket and the judgment roll were next and ever thereafter in their proper places in the office and custody of the Clerk, and thus the requirements of the law were, in all material respects, observed. *McAden* v. *Hooker*, 74 N. C., 24; *Davidson* v. *Alexander*, 84 N. C., 621; *Davenport* v. *Leary*, 95 N. C., 203.

The statute prescribes the method and order to be observed in confessing judgments without action. That method and order was, in all material respects, observed as to the judg-

106—21

.ments in question, and we so declare. It may be they were affected with fraud, but any question in that respect is not now before us. The Court below properly declined to consider the allegations of fraud and the evidence tending to prove the same and the contrary.

Judgment affirmed.