FRED. E. BRIGGS v. J. C. YETZER, *et al.*, Appellees, and CLAUS H. CLAUSEN, Appellant.

**Judgment by Confession: STATEMENT.** A statement of the facts under the statutes for confession of judgment upon a certificate of deposit against a bank and guarantors is sufficiently specific where it sets forth a copy of the certificate which purports to be issued to the payee for a deposit made by him of a specified amount on a specified date and to be payable to him in current 1 funds on return of the certificate four months after date, and a guaranty and waiver of protest signed by two of the defendants and a transfer from the payee to the plaintiff, and states that there is "now" justly due the plaintiff on the certificate a specified sum. Citing *Clifton v. Dodson*, 111 Mo. 195 (19 S W. Rep. 711); *Dunham v. Waterman*, 17 N. Y. 9; *Dow v. Platner*, 16 N. Y. 562; *Sharp v. Railway Co.*, 106 N. C. 308 (11 S. E. Rep. 530). *Distinguishing Kern v. Chalfant*, 7 Minn. 487; *Reading v. Reading*, 24 N. J. L. 358; *Davidson v. Alexander*, 84 N. C. 621.

**VERIFICATION.** A statement for confession of judgment signed by defendants, followed by the jurat of a notary public, in the usual form, stating that it was subscribed and sworn to, without stating 2 by whom, is verified by defendants as required by Code 1873, section 2896. *Averill v. Boyles*, 52 Iowa, 672, *distinguished.*

**DUTY OF AGENT.** An agent to collect a certificate of deposit is bound to exercise the degree of diligence and foresight an ordinarily prudent man would under like circumstances, and has implied 4 authority to procure a confession of judgment thereon. Citing *Davis v. Waterman*, 10 Vt. 526; *Ryan v. Tudor*, 31 Kan. 366; *Dolan v. VanDemark*, 35 Kan. 304 (10 Pac. Rep. 849); *Merrick v. Wagner*, 44 Ill. 266; *Moore v. Hill*, 48 Mich. 145.

**Principal and Agent: TERMINATION OF AUTHORITY.** The authority of an agent intrusted with a certificate of deposit for collection, 3 to procure a confession of judgment thereon, was not terminated by the fact that in anticipation of the payment of the certificate 5 he remitted to his principal the amount thereof in stock of a loan association of which he (the agent) was secretary, where he had no authority as secretary to issue the stock without payment in cash, although the association ratified the issuance of the stock

after a certificate of sale under the judgment by confession had been assigned to it; since the certificate of deposit never belonged to the association.

*Appeal from Cass District Court.*—HON. N. W. MACY, Judge.

WEDNESDAY, OCTOBER 20, 1897.

JUDGMENT by confession was duly entered in favor of the plaintiff and against the Cass County Bank, J. C. Yetzer, and Isaac Dickerson, December 23, 1893, for the sum of three thousand and eighty-six dollars and sixty-seven cents, and execution issued thereon, and certain land belonging to Yetzer sold. Claus H. Clausen obtained judgment against Yetzer and Dickerson February 14, 1894, and, on November 26 of the same year, filed his motion asking that the plaintiff's judgment and sale thereunder be set aside. The motion was overruled, and Clausen appeals.—*Affirmed.*

*Willard & Willard* and *De Lano & Meredith* for appellant.

*J. B. Rockafellow* for appellees.

LADD, J.—The statement of facts out of which the indebtedness arose is in these words: "On the eighteenth day of August, 1893, the Cass County Bank issued to Geo. E. Pennell a certificate of deposit in the sum of three thousand dollars, in words and figures to-wit: 'Cass County Bank. $3,000. Atlantic, Iowa, August 18, 1893. Geo. E. Pennell has deposited in this bank three thousand dollars, payable to himself, in current funds, on the return of this certificate, four months after date, with interest at the rate of eight per-cent. per annum until due only. A. W. Dickerson, Cashier.' And on the back of said certificate is the following: 'We hereby guarantee and waive protest and

notice of protest, payment of the within certificate of
deposit. J. C. Yetzer. Isaac Dickerson.' And the fol-
lowing transfer: 'Pay to the order of Fred E. Briggs.
[Signed.] Geo. E. Pennell.' 'There is now justly due
said plaintiff on said certificate of deposit the said sum
of three thousand, eighty-six and 67-100 dollars. J. C.
Yetzer. Isaac Dickerson.' " The certificate indicates
that it was issued for three thousand dollars deposited
by Pennell. On the authority of *Brown v. Barngrover*,
82 Iowa, 204, no further detail of facts was required.
But it is insisted that more ought to have been stated
as to the liability of Yetzer. The guaranty is set out,
and fully apprises all of the nature of the obligation.
The law requires the facts to be concisely stated, so as
to direct the attention of third parties to the nature and
character of the consideration. It must be brief, not
specific or particular. *Bernard v. Douglas*, 10 Iowa,
370; *Vanfleet v. Phillips*, 11 Iowa, 558. And it has been
held sufficient if the transaction is identified, and a clue
furnished the creditor which will enable him to start
to investigate. *Claflin v. Dodson*, 111 Mo. 195 (19 S. W.
Rep. 711): *Dunham v. Waterman*, 17 N. Y. 9. If the
statement is full enough to enable third parties to inves-
tigate and judge of the good faith of the transaction,
and sufficiently definite to fix this, then the object of
the statute in requiring the statement has been met.
The consideration of the security was not stated in
*Dullard v. Phelan*, 83 Iowa, 471, but the court held the
facts sufficiently set out. Our statute is like that of
New York, and in *Dow v. Platner*, 16 N. Y. 562, a state-
ment of facts in these words, "My drafts on Peck, Myers
and Brownson, of the city of New York, dated January
14, 1851, payable at sixty days from date, for eight
hundred dollars, and indorsed by said Daniel Dow, Jr.,
as my surety and for my benefit," was sufficient to war-
rant judgment in favor of Dow. See, also, *Sharp v.
Railroad Co.*, 106 N. C. 308 (11 S. E. Rep. 530). The facts

out of which the indebtedness arose were the loaning of the money to the bank, and the guaranty of its payment by Yetzer and Dickerson, and a statement to this effect was all that was required in order to comply with the statute. From these facts creditors could readily investigate and learn the character of the transaction. The cases relied on by appellant are not opposed to this conclusion. In *Kern v. Chalfant*, 7 Minn. 487 (Gil. 393), the consideration of the bond on which defendant was surety was not stated. The other cases construed statutes essentially different from ours. *Reading v. Reading*, 24 N. J. Law, 358; *Davidson v. Alexander*, 84 N. C. 621.

II. Was the statement properly verified? It was signed by Yetzer and Dickerson, but they did not sign the annexed affidavit, and their names were not written in the jurat. The law does not require the statement to be accompanied with an affidavit. It must be signed and verified by the defendant. Code 1873, section 2896. The jurat of the notary is in the usual form, with the names of the affiants omitted. Subscribed and sworn to by whom? The very persons, and the only ones, who had subscribed to the statement. No other inference can be drawn. And such a jurat is held sufficient in *Stone v. Miller*, 60 Iowa, 243; *Stoddard v. Sloan*, 65 Iowa, 680; and *Kirby v. Gates*, 71 Iowa, 100. *Averill v. Boyles*, 52 Iowa, 672, is not in point, as, under the statute, interrogatories attached to a pleading must be verified by affidavit.

III. It is urged that Pennell, the party procuring the confession of judgment, did so without the request or knowledge of Briggs. The latter handed the certificate of deposit to Pennell in October, 1893, with instructions to collect it when due, and invest the amount received, in stock of a building and loan association. The officers of the bank promised on December 27, 1893, that the certificate would be paid

the following morning; and Pennell, relying on this promise, issued and mailed to Briggs three thousand, four hundred and eighty dollars in stock the same evening,—he being the secretary of the association. The same day, but after the stock had been mailed, the bank went into the hands of a receiver, and never paid the certificate. Pennell had no authority, as secretary of the building and loan association, to issue any stock until it was actually paid for, and the association refused to ratify what he had done until it received an assignment of the certificate of sale under the plaintiff's judgment. At the time of the judgment, the certificate of deposit had not been transferred by Briggs, nor had he received payment. He had not undertaken to sell or assign it to any one, nor had the association in any way arranged to receive it. He, then, continued the owner thereof. Pennell took it with instructions to collect. The manner of doing this was left to his discretion, as no other instructions were given. He was required to exercise that degree of diligence and foresight an ordinarily prudent man would under like circumstances. If so, he had the right to resort to the means, if necessary, which are usually adopted to compel payment, and might bring suit. *Davis v. Waterman*, 10 Vt. 526; *Ryan v. Tudor*, 31 Kan. 366 (2 Pac. Rep. 797); *Dolan v. Van Demark*, 35 Kan. 304 (10 Pac. Rep. 848); *Merrick v. Wagner*, 44 Ill. 266; Mechem, Agents, sections 348, 386; *Moore v. Hall*, 48 Mich. 145 (11 N. W. Rep. 844). Had Pennell, with the opportunity of doing so, failed to procure the confession of judgment, he would, under the circumstances disclosed, have been lacking in fidelity to his trust. With it, collection of the certificate was certain, without it, extremely doubtful. That Pennell may not have made known all the facts to Briggs, or the latter have fully

understood the situation, will not change the legal status of the parties at the time. But it is said the ratification of the issuance of the stock by the association related back to the time Pennell mailed it to Briggs. Suppose it did. The certificate had never belonged to the association, but had been collected through the judgment and the sale of the land; and the ratification was on the express consideration of the assignment of the certificate of sale owned by Briggs, though in Pennell's name. The association never had anything to do with the certificate of deposit or the judgment until it received this certificate of sale. —AFFIRMED.