DUNN, *Appellant,* v. DUNNAKER.

1. - **Evidence** : IMPEACHING WITNESS. A party introducing a witness cannot impeach his testimony, either by general evidence showing his bad character for truth, or by proof of statements made out of court contradictory of his testimony.

2. ———: ———. The above rule does not apply where the party

was entrapped into offering the witness, or it was brought about by imposition or surprise.

3. **Instructions.** Instructions which are ambiguous and misleading should not be given.

*Appeal from Jackson Circuit Court.*—Hon. F. M. BLACK, Judge.

AFFIRMED.

*Alderson & Young* for appellant.

(1) The rejection by the trial court of that portion of the deposition of Dr. D. P. Bigger, quoted under the assignment of errors, was in itself such error as entitles the appellant to a reversal of this cause. In support of this proposition we cite an article in 16 Central Law Journal, 325, and cases cited, entitled "Right of a Party When His Own Witness has Made Previous Contradictory Statements." (2) The refusal by the trial court of plaintiff's instructions, quoted under assignment of errors, was also error sufficient for a reversal of this cause. *Anthony v. Stinson*, 4 Kas. 212; *Patterson v. Boston*, 20 Pick. 159; *Ottawa Gas Co. v. Graham*, 28 Ill. 73; *Head v. Hargrave*, 14 Cent. Law Jour. 388; *Murdock v. Summer*, 22 Seel. 158; *Estate of Dorband*, 19 Cent. Law Jour. 379; *Rose v. Spies*, 44 Mo. 20; *Brehm v. Great Western R. R.*, 34 Barb. 256; Rogers on Expert Testimony, sec. 37. (3) If plaintiff's instruction is a correct declaration of the law, then the court erred in refusing it. That all the instructions given in the case were full and fair does not suffice. It is a judicious and well-settled rule that a litigant is entitled and has a right to have the jury instructed upon every point of law pertinent to the issue, clearly and pointedly. Sackett's Ins. to Juries, sec. 4; *Owen v. Owen*, 22 Ia. 270; *Lapish v. Wells*, 6 Me. 175; *Barnard v. Burton*, 5 Vt. 97; *Jared v. Goodlittle*, 1 Blackf. 29; *Douglass v.*

*McAlister*, 3 Cr. 298 ; *Gilkey v. Peeler*, 22 Tex. 663 ;
*Ridens v. Ridens*, 29 Mo. 470 ; *Smith v. Johnson*, 13
Ind. 224 ; *Little v. Boyer*, 33 Ohio St. 506 ; *Moody v.
Davis*, 10 Ga. 403 ; *Livingston v. Maryland Ins. Co.*,
7 Cr. 506, 544 ; Thompson on Charging the Jury, sec. 78.

*C. O. Tichenor* for respondent.

(1)  By the common law, though a party could con-
tradict his witness, he could not impeach him either by
general evidence or by proof of prior contradictory
statements.  By statute of England, if the judge permit,
such statements may be shown. Whart. on Evid. (2 Ed.)
sec. 549, note 2.  So far as we know, this court has not
changed the rule laid down in *Brown v. Wood*, 19 Mo.
475, to this effect : If a party calls a witness to prove a
fact, "and that witness disappoints him and fails to
prove it, the party is not precluded from proving the
fact by another witness, although in so doing he may
show the first witness guilty of perjury." See, also,
*Chandler v. Fleeman*, 50 Mo. 239.  Even in the states
where the extreme doctrine obtains, many things must
exist before advantage can be taken of it.  Even where
there is a statute giving the power to so contradict, the
courts hold, "it must be kept strictly within the bounds
of the statute."  *Ryerson v. Abington*, 102 Mass.  The
rule is born of necessity, to save one from being
ambushed by a witness upon whom he was justified in
relying.  Hence, before the rule can be invoked, it must
always appear (a) that he was surprised by the testi-
mony, *i. e.*, that he believed, either from previous
statements or from other reasons, that when he called
him as a witness at the trial, the witness would swear
for him and not against him.  *Craig v. Grant*, 6 Mich.
453 ; *Campbell v. State*, 23 Ala. 77 ; *Com. v. Starkweather*,
10 Cush. 60 ; *Stearns v. Bank*, 53 Pa. 493 ; *People v.
Safford*, 5 Denio, 112 ; *Coulton v. Ex. Co.*, 56 N. Y. 589.

(b) The testimony must surprise him, not from the fact that the witness swears he knows nothing as to the matter in dispute, but because the testimony destroys the case of the party calling him. *People v. Jacobs,* 49 Cal. 384. And (c) the party calling him must have been guilty of no laches or negligence in the matter. Whart. on Evid., sec. 549. (2) The instructions were given on all the issues, and this was sufficient. *Atley v. Tolfill,* 77 Mo. 309; *Porter v. Harrison,* 52 Mo. 527.

HENRY, C. J.—This is a suit against defendant for damages for alleged malpractice, in the treatment by him, as a physician and surgeon, of plaintiff's arm which had been injured by an accident. The answer was a general denial. A trial resulted in a judgment in favor of defendant, from which this appeal is prosecuted.

In order to prove the case alleged by him, plaintiff read as evidence the deposition of Dr. D. P. Bigger, and, on defendant's objection, the court excluded a portion of the deposition, in which plaintiff attempted to show that the witness, Dr. Bigger, had made statements out of court contradictory of his testimony. The court did not commit error in excluding that testimony. A party introducing a witness, and thereby vouching his veracity, cannot impeach his testimony, either by general evidence showing his bad character for truth, or by evidence of statements made by him out of court, contradictory of his testimony at the trial. 1 Greenleaf's Evid., sec. 442. Proof of such contradictory statements could not be allowed as evidence of their truth, and could, therefore, be offered or received for no other purpose than to destroy the credit of the witness. Authorities to the contrary may be found, but we are of the opinion that, unless the party is entrapped into offering as a witness one who testifies contrary to what he, or others upon whom the party had a right to rely, assured him his testimony

would be, the evidence of contradictory statements made by him is not admissible. 1 Greenleaf's Evid., sec. 444. No such element of surprise or imposition exists in this case. The testimony was contained in a deposition taken by plaintiff, and had been for months on file, and he was under no obligation to use it as evidence. This is wholly unlike the question decided in *Brown v. Wood*, 19 Mo. 475, in which it was held that, although a witness called by a party testifies contrary to expectations, "he is not precluded from proving the fact by another witness, although in so doing he may show the first witness guilty of perjury." Plaintiff's evidence consisted of the testimony of one expert witness, Dr. Bigger, to the effect that the carelessness and unskillfulness of defendant consisted in bandaging the plaintiff's arm at the location of the injury so tight as to stop the circulation of the blood, thereby causing gangrene, which necessitated the amputation of the arm. The evidence for defendant was exclusively that of physicians, who testified that the treatment of plaintiff's arm by defendant was proper.

The following instruction asked by plaintiff was refused:

"You are hereby instructed that in determining the issue in this case you are not bound and concluded by the testimony and opinions of the expert witnesses, but you are permitted to apply your own judgment, knowledge, and ideas, to all the evidence in the case, and the facts, as you may believe them, and thus determine upon a verdict."

I am somewhat at a loss to know just what construction to place upon that instruction, in view of the fact, as appears from this record, that the only testimony offered, on either side, was that of experts. I do not think that the jury could have comprehended the meaning of that instruction, and am of the opinion that it tended to mislead them to

the conclusion that they could reject all the testimony adduced, and find a verdict on their own knowledge of the facts, as they might believe them, no matter how they came to the knowledge of the facts. The ambiguity of the instruction was of itself a sufficient ground for its refusal. Instructions are intended as guides to the jury, and should be clear declarations of the law applicable to the facts; and if open to two or more constructions, one of which is at variance with the law, they should be refused. No complaint is made of the instructions given by the court. The judgment is affirmed. All concur.