Claflin & Co. v. Dodson.

CLAFLIN & Co., *Appellants*, v. DODSON *et al.*

Division Two, July 1, 1892.

1. **Practice:** CONFESSION OF JUDGMENT: STATEMENT. A statement confessing judgment under Revised Statutes, 1889, section 2330, on an indebtedness evidenced by a promissory note given for borrowed money is sufficient where it describes the note and recites that it was given for the sum borrowed.

2. ——: ——: ——. It is not necessary that the statement recite in terms that the debt is justly due, it being sufficient, if, from the facts stated, it appears that the sum confessed is justly due.

3. ——: EVIDENCE: ESTOPPEL. Where one makes the adverse party his witness he must abide the result of his testimony.

*Appeal from Greene Circuit Court.*—HON. W. D. HUBBARD, Judge.

AFFIRMED.

*Frank, Dawson & Garvin* and *F. S. Heffernan* for appellants.

(1) The statement for confession was insufficient under the statute to authorize the court to enter up the judgment. *First.* It did not state the facts out of which the indebtedness arose. *Stern v. Mayer*, 19 Mo. App. 511; *Bank v. Mayer*, 19 Mo. App. 517; *Gilman v. Hovey*, 26 Mo. 280; *Howe v. Dorscheimer*, 31 Mo. 349; *Bryan v. Miller*, 28 Mo. 32; *Bank v. Mayer*, 93 Mo. 417; *Hard v. Foster*, 98 Mo. 297; Black on Judgments, secs.

52, 63; *Bank v. Allison*, 37 Hun (N. Y.) 135; *Moody v. Townsend*, 3 Abb. Pr. (N. Y.) 375; *Lanning v. Carpenter*, 20 N. Y. 447; *Davenport v. Learry*, 95 N. C. 203. *Second.* It does not show the sum confessed is justly due. *Edgar v. Grier*, 7 Iowa, 136; *Reading v. Reading*, 24 N. J. Law, 358; *McHenry v. Shephard*, 2 Mo. App. 378; 1 Black on Judgments, sec. 62. *Third.* It does not authorize the entry of the judgment in favor of the plaintiff and against the defendant. *Fourth.* The statement for confession being insufficient under the statute, the judgment entered thereon is an absolute nullity. *Bernard v. Douglass*, 10 Iowa, 370; *Kennedy v. Lowe*, 9 Iowa, 580; 1 Black on Judgments, sec. 67, where the authorities on both sides of the proposition are cited. *Fifth.* If the statement of confession does not comply with the statutory provisions, its invalidity for that reason cannot be overcome by showing that the debt is *bona fide*. See New York and Iowa cases above cited; *Atwater v. Bank* (1891), 45 Minn. 341, 351; *Cordier v. Schloss*, 18 Cal. 576. (2) The evidence shows that the indebtedness (if there is a *bona fide* indebtedness, which we deny, and which denial, inferences from the evidence justify) arose in an entirely different manner from that set forth in the statement for confessions, and the statement was, therefore, misleading and did not afford a clue to the creditor who might wish to inquire into the *bona fides* of the debt for which confession was made. (3) The judgment is invalid as against the plaintiffs herein, although it may be good as between the parties, because the Christian name of the plaintiff is not given, and the judgment is a fraudulent lien standing in the way of the plaintiffs' lien by attachment. The judgment is in favor of "L. Oppenheimer," and the law does not recognize a man by his initial. *Martin v. Barron*, 37 Mo. 30; *Skelton v. Sackett*, 91 Mo. 377; *Steinmann v.*

*Strimple,* 29 Mo. 478; *Elting v. Gould,* 96 Mo. 535; *Crawford v. Wilcox,* 3 S. W. Rep. 695; *McGaugey v. Woods,* 8 N. E. Rep. 7, and cases cited.

*Goode & Cravens* for respondents.

MACFARLANE, J.—On the thirty-first day of December, 1886, a judgment by confession was rendered by the circuit court of Greene county in favor of one L. Oppenheimer, and against one Victor Sommers for $3,030. This judgment purported to have been upon two promissory notes made by Sommers to Oppenheimer, for $1,500 each, one dated November 18, 1886, and the other November 27, 1886, each bearing interest at ten per cent. and payable on demand.

The statements upon which this judgment was rendered were the same with the exception of the dates of the transaction. One of them was as follows:

"STATE OF MISSOURI, ⎱
   "Greene County.  ⎰

"L. Oppenheimer, plaintiff, ⎱  In the Circuit Court,
            *v.*                ⎰  November Term, 1887.
"Victor Sommers, defendant.

"I, Victor Sommers, the person designated as defendant in the above-entitled cause, come now and state to the court that on the eighteenth day of November, 1886, I borrowed of L. Oppenheimer, or the person designated as plaintiff in the above-entitled cause, the sum of $1,500; that on the day last aforesaid the said L. Oppenheimer paid to me said sum of $1,500 good and lawful money of the United States; that I, said Sommers, did at that time, and for the consideration of said sum of $1,500 so paid me as aforesaid, make, execute and deliver to said L. Oppenheimer my promissory note for said sum of $1,500, payable on demand,

with interest from date at the rate of ten per cent. per annum; that payment of said note and the interest thereon has this day by said Oppenheimer been demanded of me, and I now confess that I do owe to the said L. Oppenheimer the sum of $1,516.70, the amount of the principal and interest on said note to this date, and by reason of the premises aforesaid, and I do here now in court consent that judgment may now be rendered against me on the said sum of $1,516.70 in favor of said L. Oppenheimer.''

To this statement was attached the affidavit of Sommers in due form.

On the day this judgment was rendered an execution was issued and placed in the hands of J. C. Dodson, sheriff of Greene county, and which was by him, on the same day, levied upon a stock of goods belonging to Sommers.

On the fifth day of February, plaintiffs, H. B. Claflin & Co., commenced a suit in said court, by attachment against Sommers, to recover a debt of $4,721.98 for goods sold him. A writ of attachment was issued, placed in the hands of the sheriff, and by him, on the same day, levied upon this stock of goods.

Plaintiff prosecutes this suit under section 571, Revised Statutes, 1889, for the purpose of setting aside said judgment, execution and levy on the ground that the judgment was fraudulent in law and fact, and was confessed with the purpose and intent of hindering, delaying and defrauding the *bona fide* creditors of defendant; and for the further reason that the statement upon which the judgment was entered was insufficient to authorize the judgment. The judgment was for defendant, and plaintiff appealed.

I. The statute, section 2230, Revised Statutes, 1889, authorizes a judgment by confession to be entered against a debtor, who will file a statement verified by

affidavit to the following effect: *First*, it must state the amount for which the judgment may be rendered, and authorize the entry of a judgment thereon; *second*, if it be for money due, or to become due, it must state concisely the facts out of which it arose, and must show that the sum confessed therefor is justly due, or to become due.

Two objections are made to the sufficiency of these statements: *First*, they do not state sufficiently, in detail, the facts out of which the indebtedness arose; *second*, they do not show that the sum confessed was justly due, or to become due.

The question raised by the first of these objections has frequently come before this and the courts of other states, having substantially the same statutory requirements, and the construction of the statute is very well settled. In *Bryan v. Miller*, 28 Mo. 33, it is said that the statement need not be as "particular as a bill of particulars, but it ought to be sufficiently particular to afford a clew to a creditor, if there is fraud, and he desires to investigate it." This follows the construction of the New York court of appeals given to the statute of that state, from which ours was literally copied. *Chappel v. Chappel*, 12 N. Y. 216; *Dunham v. Waterman*, 17 N. Y. 9.

In *Mechanics' Bank v. Mayer*, 93 Mo. 420, BLACK, J., after approving what was said in *Bryan v. Miller*, *supra*, adds: "Manifestly, the degree of particularity must depend upon the character of the transaction. If the debt is a note given for goods, a reasonably specific bill of the goods, showing the dates of sale, should be given. This would enable the creditor to trace out the transaction. If a note, and it was given for money loaned, it is enough to say so, describing the note." These expressions of the general purpose of the statute were also approved in *Hard v. Foster*, 98 Mo. 312, in

which Brace, J., says: "The terms of the statute contemplate a brief and compendious statement as distinguished from one descending into particulars."

The statement upon which this judgment was confessed is about as comprehensive as it could have been made. It is shown in each statement that the money due arose from defendant borrowing of plaintiff and receiving from him $1,500 in money on specified dates, for which a note was executed by defendant, and delivered to plaintiff. The statement seems to have been as full as was contemplated by the statute. A sufficient clew is afforded the creditor to enable him to start an investigation as to the honesty and good faith of the transaction.

It is objected that this statement should have shown in addition where the money was borrowed, where it was made payable, where the creditor lived and who he was. We do not think this information required in order "to state concisely the facts" out of which the indebtedness arose. There is no doubt the additional information might have greatly facilitated an investigation of the character of the transaction, but the statute did not require its disclosure. If the indebtedness is evidenced by a promissory note given for borrowed money, it is sufficient to say so, describing the note. *Mechanics' Bank v. Mayer, supra; Lanning v. Carpenter*, 20 N. Y. 447; *Freligh v. Brink*, 22 N. Y. 418; 1 Black on Judgments, sec. 63; *Stern v. Mayer*, 19 Mo. App. 512.

II. The second objection we think also without substantial merit. The statute does not require the debtor to state in terms that the debt is "justly due or to become due." The language of the statute is that the statement "must show that the sum confessed therefor is justly due or to become due." It is obvious that the meaning of the statute is that, from the facts

Claflin & Co. v. Dodson.

stated, it must appear that the sum confessed is justly due. The exact point was so decided in *Lanning v. Carpenter, supra.* In that case the court says: "In construing the language and giving effect to the policy of the statute, the statement of facts on which the alleged debt is founded was regarded by the court as the fundamental requisite, very little importance being attached to a general averment that a given sum is due."

We are of the opinion that the statement was sufficient to authorize the judgment.

III. The court heard all the evidence offered by the parties to show the character of the transaction, which terminated in this judgment. It is not seriously contended that the part Sommers took in the matter was with an honest purpose; indeed, he made no defense to the attachment, but virtually "confessed the charges upon which the writ issued, by withdrawing his plea in abatement.

The case is different with Oppenheimer, the creditor. He was placed upon the stand by plaintiff who was given the greatest latitude of examination. He testified very positively that the money was loaned Sommers as an ordinary business transaction, and he did not know at the time or suspect that Sommers was in embarrassed or failing circumstances. As a witness he sustained himself consistently throughout his examination, and did not add to the suspicion which already surrounded a transaction so wanting in ordinary business methods. Plaintiffs made him their witness and must abide the results of his testimony. *Chandler v. Fleeman,* 50 Mo. 239; *Dunn v. Dunnaker,* 87 Mo. 597.

The finding of the court upon the evidence should not be disturbed. Judgment affirmed. All concur.