Fearey v. O'Neill.

FEAREY v. O'NEILL, Appellant.

Division One, May 9, 1899.*

149   467
150   309
151    81

149   467
163   409

149   467
101a  ²172
102a  523

1. **Chattel Deed**: WRITTEN STATEMENT OF GRANTOR. The written statement of the grantor in a deed of trust transferring his stock of goods to a trustee, made out of court long after the trustee had taken possession, is not competent evidence against the trustee.

2. ———: ———: TO CONTRADICT ATTACHING CREDITOR'S WITNESS. Nor is such statement competent to discredit the testimony of a witness of the party offering it, unless there is evidence showing that the witness made the statement as an artifice to entrap or mislead him into calling him as a witness, and unless this purpose is disclosed at the time the offer is made.

3. ———: INSTRUCTION CONSIDERED AS A WHOLE. The sufficiency or correctness of an instruction must be gathered from it as a whole and not by critically separating it and then attacking the detached sections in detail.

4. ———: ———: ATTACHMENT: DEFINING WORDS. Ordinary words and phrases, used in their usual and conventional sense, should not be defined in instructions.

5. ———: ———: ———: FRAUDULENT DESIGN. The word "fraudulent" is not such a technical word in an attachment suit as to make it necessary to define it when used in an otherwise properly drawn instruction.

6. ———: ———: ———: ———: OBSCURE INSTRUCTIONS. It is held that the instructions given in this case are not so obscure in their meaning as not to be readily comprehended by the average jury.

7. ———: ACCEPTANCE BY BENEFICIARY. As between the parties to the deed of trust transferring a stock of goods to a trustee for the benefit of certain named creditors, the beneficiaries are presumed to accept it if beneficial to them. (Distinguishing Kuh v. Garvin, 125 Mo. 547.)

8. ———: ———: VESTING OF TITLE IN TRUSTEE. The assent of the beneficiary of a deed of trust is not required as a preliminary to the vesting of the title in the trustee.

*NOTE.—Decided March 28, 1899.  Motion for rehearing filed; overruled May 9.

9. ———: REPLEVIN: COMPLETE CASE.  Where a trustee claims the right to possession to a stock of goods transferred to him as trustee for the benefit of certain creditors, he makes out a complete case against an attaching creditor when he reads in evidence the deed of trust conveying the legal title and possession of the goods to him, and proves his acceptance thereof for the preferred creditors, the demand for payment and default in the debts due such creditors, and the actual delivery of possession by the grantor to him, and the giving of notice by the grantor of the change in possession.  It is not necessary to show acceptance by the preferred creditors.

10. Practice : CIVIL CASE: FAILURE TO INSTRUCT.  In a civil case a failure to instruct on propositions not requested by counsel does not constitute error.

11. Appellate Practice : UNCONTROVERTED THEORY AT TRIAL.  Where an attachment is not à controverted fact but conceded throughout the trial, the parties will be held to that theory on appeal.

*Appeal from Jackson Circuit Court.*—HON. JOHN W. HENRY, Judge.

AFFIRMED.

KARNES, HOLMES & KRAUTHOFF for appellant.

(1)  Albo Miller conveyed to George D. Fearey the contents of a shoe store in trust to secure the payment of certain of the debts of said Miller to third parties named in the deed.  This instrument did not operate to convey any title to the property therein described to the plaintiff, Fearey, until the beneficiaries therein named accepted it. Kuh v. Garvin, 125 Mo. 563.  (2)  The instructions are erroneous in that they submit to the jury the issue of the "fraudulent intent" of Miller and Fearey, require the defendant to prove that Fearey assisted Miller in covering his property "in some improper way," and that "Albo Miller fraudulently executed the chattel deed of trust offered in evidence," and that if the plaintiff, Fearey, "did not know of and participate in some fraudulent design of the said Miller" the finding would be for the plaintiff, without defining a

"fraudulent intent" or a covering of property "in some improper way, or a fraudulent execution" of a deed of trust or a "fraudulent design." Hickey v. Ryan, 15 Mo. 62 Anderson v. McPike, 86 Mo. 299; Speak v. Ely & Walker Dry Goods Co., 22 Mo. App. 122; State v. Forsythe, 89 Mo. 667; Estes v. Fry, 22 Mo. App. 88; Fugate v. Carter, 6 Mo. 273; Morgan v. Durfee, 69 Mo. 480; Railroad v. Cleary, 77 Mo. 638; Atteberry v. Powell, 29 Mo. 429. The following terms have been declared technical and necessary to be defined: "Consequential damages" and "direct and immediate damages;" Railroad v. Dawley, 50 Mo. App. 487. "Warranty," Flint-. Walling Mfg. Co. v. Ball, 43 Mo. App. 510. "Heat of passion," State v. Andrew, 76 Mo. 101. "Premeditation," State v. Harris, 76 Mo. 363. "Reasonable doubt," State v. Christian, 66 Mo. 143. "Matters material to the issue," State v. Chyo Chiagk, 92 Mo. 416 and State v. Miller, 100 Mo. 622. "Adverse possession," Booger v. Neece, 75 Mo. 383 and Dyer v. Brannock, 2 Mo. App. 432. "Gross negligence," Mueller v. Ins. Co., 45 Mo. 88; Wiser v. Chesley, 53 Mo. 549 and Mason v. Union Stock Yards Co., 60 Mo. App. 100. "Due diligence," Turner v. Railroad, 76 Mo. 263. "Acting in good faith," Dry Goods Co. v. Schooley, 66 Mo. App. 415. "Material facts," Digby v. Ins. Co., 3 Mo. App. 603. "Exemplary damages," Hayes v. Railroad, 15 Mo. App. 584. "The words, preponderance of evidence, are, with the average juror, susceptible of, and very likely to receive, almost an infinity of construction." Clarke v. Kitchen, 52 Mo. 317; Carson v. Porter, 22 Mo. App. 185; Young v. Ridenbaugh, 67 Mo. 584. (3) Miller having made a positive statement in writing as to the facts of the case, the defendant had a right to rely upon the same, and having been misled into offering Miller as a witness, defendant should have been permitted to read this paper, not as evidence of the facts therein narrated, but as explaining the

reason of Miller's appearance as a witness for defendant. State v. Burks, 132 Mo. 374.

JOSEPH A. GUTHRIE and ELLIS, REED, COOK & ELLIS for respondent.

(1) Execution and delivery of the deed to the trustee, and its acceptance by him, vested in said trustee the legal title to the property in controversy, and it was not necessary for respondent to show acceptance by the beneficiaries. Brooks v. Marbury, 11 Wheat. 78; Skipwith v. Cunningham, 8 Leigh. 285. (2) Besides, there is evidence in the record sufficient to show the authority of the trustee to accept the deed on behalf of three of the beneficiaries. (3) Respondent made a *prima facie* case, and a demurrer to the evidence, if ever offered, was properly overruled. (4) Appellant claims title to the property in controversy by virtue of a levy made thereon by him, as sheriff, under a certain writ of attachment, and therefore, before he could question respondent's title, should have introduced in evidence the petition, affidavit and bond, in this attachment case; he failed to introduce the petition and the bond and this was fatal. Kendall Boot & Shoe Co. v. Bain, 46 Mo. App. 592; Clarke v. Laird, 60 Mo. App. 290. (5) The introduction of the judgment in the attachment case did not supply the defect. Best on Ev. (Morgan's Ed.), sec. 590; Henry v. Woods, 77 Mo. 277; Quigley v. Bank, 80 Mo. 296. (6) Even though proof of the petition and bond by introduction of the judgment should be held sufficient, still the judgment can not be considered by this court, nor can the affidavit in attachment or the writ of attachment itself, be considered by this court, for the reason that they were not identified at the trial, were not introduced or read in evidence at the trial, and have not been incorporated in the bill of exceptions. Price v. Ins. Co., 58 Mo. App. 554; Tel. Co. v. Chicago Board of Trade, 144 Ill. 370; Haarstick v. Shields, 8 Mo. App. 601; Reed v. Gardner, 84

U. S. 409; Craig v. Smith, 10 Colo. 220; Eystra v. Capelle, 61 Mo. 578; The State ex rel. v. Eldridge, 65 Mo. 584; Ivy v. Yancy, 129 Mo. 501. (7) Plaintiff's instructions numbered 1, 2 and 3 properly declare the law. Cottrill v. Krum, 100 Mo. 397; Johnson v. Railroad, 96 Mo. 340; Cooper v. Johnson, 81 Mo. 483; State v. Parker, 106 Mo. 217; Warder v. Henry, 117 Mo. 544; Larrimer v. Legg, 23 Mo. App. 645; Steinwender v. Creath, 44 Mo. App. 356; Ferd Heim Brewing Co. v. Linck, 51 Mo. App. 478; Stavinaw v. Ins. Co., 43 Mo. App. 513; Holland v. McCarty, 24 Mo. App. 113; Anchor Milling Co. v. Walsh, 37 Mo. App. 567. (8) The written statement of appellant's witness, Miller, was properly excluded, because it was a declaration of the grantor made after he had parted with his interest and was not admissible against his grantee. Nasse v. Algermissen, 25 Mo. App. 186; Williams v. Casebeer, 53 Mo. App. 644; Stewart v. Thomas, 35 Mo. 202; Albert v. Besel, 88 Mo. 150; Peters-Miller Shoe Co. v. Casebeer, 53 Mo. App. 640; Sparks v. Brown, 46 Mo. App. 529; Mueller v. Weitz, 56 Mo. App. 36.

KARNES, HOLMES & KRAUTHOFF for appellant in reply.

(1) The record discloses that when the affidavit in attachment, the writ issued to the sheriff and the judgment sustaining the attachment were offered in evidence, the plaintiff objected to them as "incompetent, irrelevant and immaterial." In this state of the record, plaintiff can not now say that defendant had no title to the property in controversy until these papers were introduced in evidence. McClanahan v. West, 100 Mo. 322; Bensieck v. Cook, 110 Mo. 182. (2) Plaintiff can not now assume an attitude different from that he occupied at the trial and object to defendant's recovery because of the want of that evidence for the absence of which he is responsible. Garst v. Good, 50 Mo. App. 151; Jobbins v. Gray, 34 Ill. App. 219; Ins. Co. v. O'Connell,

34 Ill. App. 362; Bigelow on Estoppel (4 Ed), p. 690, cited with approval in Greeley v. Provident Sav. Bank, 103 Mo. 221.

GANTT, P. J.—This is an action of replevin for a stock of shoes which Albo Miller had owned as a retail merchant at number 101 East Twelfth street in Kansas City, Missouri, up to December 3, 1894. On that day, being indebted to various persons for goods sold to him, and for money loaned, and to his clerks and employees for services, he conveyed, by a deed of trust in the nature of a chattel mortgage to George D. Fearey and his successors in said trust and their assigns, all of said stock, with the right upon default to take immediate possession of said goods and sell the same in any manner he should see fit and after paying first the costs of executing said trust, he should pay the indebtedness secured by said deed in proportion to the amounts of the said notes and the balance if any to said Miller.

This deed was duly executed and acknowledged and recorded on December 3, 1894, at 12:05 p. m.

All of said notes being due demand was made and default occurred on said day and thereupon the trustee Fearey at once took possession of said goods and locked the store and put up notices that the stock was in his possession under said deed.

That afternoon after plaintiff had taken possession the defendant O'Neill, as sheriff of Jackson county, attached said stock under a writ of attachment in a suit by Barton Brothers against Albo Miller, and said goods were afterwards replevied in this action by the trustee against the sheriff.

On the trial in the circuit court the verdict of the jury and judgment of the circuit court was for the plaintiff for possession of the property and one cent damages. Other facts will be noted in the further discussion of the case.

I.   The written statement of Albo Miller made long after the plaintiff Fearey had taken possession of the goods under the sale and transfer was incompetent against the grantee or trustee. [Weinrich v. Porter, 47 Mo. 293; Stewart v. Thomas, 35 Mo. 202; Albert v. Besel, 88 Mo. 150.]

No question is made of the soundness of this general principle, but it is now claimed the said statement was offered for the purpose of contradicting and impeaching Miller whom defendant had called as a witness and whose testimony differed from said statement.   No such purpose was indicated when the evidence was offered.   Moreover, a party is not allowed to discredit his own witness, that is, he can not introduce evidence whose sole purpose is to discredit his witness.   [Brown v. Wood, 19 Mo. 475; Chandler v. Fleeman, 50 Mo. 239; Claflin & Co. v. Dodson, 111 Mo. 195; Dunn v. Dunnaker, 87 Mo. 597; 1 Greenleaf's Ev., sec. 442.]

There was no evidence tending to show that Miller used any artifice to entrap or mislead the defendant into calling him as a witness.   No showing of surprise by affidavit or otherwise was made, taking the case out of the general rule already announced and it was properly excluded.   State v. Burks, 132 Mo. loc. cit. 374, is not authority for admitting this statement made out of court.

II.   The court in behalf of plaintiff instructed the jury as follows:

1. The court instructs the jury that any fraudulent intent that Albo Miller might have had in making the deed of trust in evidence, is not enough to vitiate it.   It devolves upon the defendant in this case to show by tangible evidence that the plaintiff, Fearey, participated in such fraudulent intent, if any, and purposely aided Albo Miller to defeat his other creditors by covering up the property of Albo Miller in some improper way, to the use and benefit of the said Miller.

2.   The jury are instructed that, although fraud need not be proven by direct testimony, and may be inferred from

circumstances, still it will never be presumed, but must be proven by some tangible and substantial facts in evidence, from which it may be fairly inferred; and in this case the burden is on the defendant, to show by a preponderance of the testimony, that Albo Miller fraudulently executed the chattel deed of trust offered in evidence, and that the plaintiff, Fearey, participated in such fraud; and if the facts and circumstances shown in evidence are as consistent with an honest purpose on the part of said Fearey as with the dishonest one, then it is your duty to believe his purpose honest.

3.    The court instructs the jury that even though Miller was in failing circumstances, he had a right to prefer any one or more of his creditors to the exclusion of the rest, although his doing so operated to defeat his other creditors in the collection of their claims; and if the plaintiff, Fearey, took the deed of trust in evidence, for the purpose of securing the debts therein named, and did not know of and participate in some fraudulent design of the said Miller, if he had any, the deed of trust is valid and you must find for the plaintiff.

To which action and ruling of the court in giving said instructions the defendant at the time duly excepted and still excepts.

It is urged that these instructions are erroneous in that they leave it to the jury to determine what is a "fraudulent intent" or "fraudulent design," without defining those words or declaring what facts would constitute a "fraudulent intent" or "design." In other words, that the word "fraudulent" in a case like this, is a technical word, which ought not to be used in an instruction without definition. This exception strikes us as extremely hypercritical. We have had occasion before this to remark that such objections as this challenge the utility of jury trials. A jury which under the evidence in this case could not comprehend the foregoing instructions would certainly be incompetent to

try any issue intelligently. We are unwilling to believe that the juries of Jackson county are so ignorant that they do not know the meaning of plain words in daily use like these.

Moreover, the sufficiency or correctness of the instruction must be gathered from it as a whole, and not by critically separating it and then attacking the detached sections in detail. [Alberger v. White, 117 Mo. 347.]

It is not necessary that the meaning of ordinary words and phrases, used in their usual and conventional sense, should be defined in instructions. Attempts to define ordinary words or phrases such as those criticised in this case more often mystify than elucidate. [Warder v. Henry, 117 Mo. 530; Muehlhausen v. Railroad, 91 Mo. 332; Cottrill v. Krum, 100 Mo. 397.]

III. The contention is now made that the deed of trust to plaintiff did not become operative until the beneficiaries therein accepted it, and that the demurrer to the evidence should have been sustained.

No demurrer to the evidence was interposed at the close of plaintiff's case, and if it had been, it should have been overruled.

The plaintiff had read in evidence the deed of trust to plaintiff as trustee, conveying the legal title and possession of said goods to him, and had proven the actual delivery thereof to said trustee, and his acceptance thereof for the preferred creditors, the demand for payment and default in the notes, the delivery of the possession of the goods by the grantor Miller to the trustee, his giving notice of the change of possession and locking up the store.

No question could arise about the acceptance of this deed by the trustee under this evidence, and the presumption up to this stage at least, was that it was accepted by the beneficiaries as it was for their benefit.. A *prima facie* case was thus established, and no demurrer to the evidence was

interposed.    Kuh v. Garvin, 125 Mo. 547, did not change
the universally accepted rule that as between the parties to
the deed the beneficiaries were presumed to accept it if
beneficial to them.    [Tompkins v. Wheeler, 16 Pet. 118;
Brooks v. Marbury, 11 Wheat. 78.]

In Kuh v. Garvin, 125 Mo. 547, the decision rested upon
these facts.    Various chattel mortgages were made by the
debtor or mortgagor to different creditors directly.    Several
of said mortgagees by their agent accepted these mortgages
made for their benefit, and as to them their mortgages were
sustained in preference to the attaching creditors, but it also
appeared that two of the mortgagees lived at a distance and
were entirely ignorant of the execution of the mortgages to
them and before notice of their execution reached them, the
attachment intervened, and on the principle that it takes two
parties to make a contract and the delivery of the mortgage
was essential to its efficacy as a conveyance, it was held that
the presumption of their assent could not and did not supply
the place of their assent, which was necessary to make a
valid contract and conveyance, and did not defeat the inter-
vening lien of the attachment.    But that case is inapplicable
here.    Here the deed was made directly to a trustee for the
benefit of these preferred creditors, and the legal title passed
at once to him and was accepted by him for the benefit of
these creditors.

The conveyance was absolute and contained no expres-
sions requiring the assent of these creditors.    In such cases,
even in those jurisdictions which hold the assent of creditors
necessary where the conveyance is made directly to them,
it is ruled that where the conveyance is made directly to a
trustee for the benefit of creditors, the legal title passes for
the benefit of creditors without further evidence of assent
on the part of the beneficiaries.    [Cunningham v. Freeborn,
11 Wend. 240; Tompkins v. Wheeler, 16 Pet. loc. cit. 118;

Brooks v. Marbury, 11 Wheat. 78; Halsey v. Whitney, 4 Mason, 206; Furman & Co. v. Fisher, 4 Coldw. 626.]

Said the Supreme Court of the United States in Brooks v. Marbury, 11 Wheaton, loc. cit. 97: "Deeds of trust are often made for the benefit of persons who are absent, and even for persons who are not in being. Whether they are for the payment of money, or for any other purpose, no expression of assent of the persons for whose benfit they are made, has ever been required as preliminary to the vesting of the legal estate in the trustee."

In this case no doubt whatever can exist of the delivery to the trustee for the beneficiaries prior to the attachment. But even if proof of assent be necessary, defendant called the plaintiff as a witness, and must abide the result of his testimony. [Dunn v. Dunnaker, 87 Mo. 597; Chandler v. Fleeman, 50 Mo. 239; Claflin & Co. v. Dodson, 111 Mo. 195.]

He testified that he sold Miller three of the bills of goods represented by the notes of Miller in the mortgage, that he was the local agent, at Kansas City, of said wholesale houses; that as such Miller came to him, and said those firms had been kind to him, and he wanted to protect them; that the deed of trust was made to him for their benefit, and as their agent he accepted and recorded it, and took possession of the goods.

This was ample evidence of an authorized acceptance by the three largest creditors established by defendant himself, and this is sufficient although there were some preferred who did not prove an affirmative acceptance.

But we do not think defendant is in position to invoke the doctrine for which he contends. This is a civil case, and it is firmly established that in civil cases a failure to instruct on propositions not requested by counsel does not constitute error. Mere non-direction is not error. Defendant in none of his instructions asked any declaration of law on the necessity for proof of acceptance or the effect the deed would

have if not accepted by the beneficiaries or upon the relative right of those who did and those who did not accept it.

There being substantial evidence of acceptance by three of the largest beneficiaries this of itself would have answered the present contention and if defendant desired to contest the right of others he should have asked to have that issue submitted to the jury, but did not, and it is not before us for review.

We have treated the case as if the attachment proceedings were in the record. They are not set out in full, but sufficient appears to show that the attachment was not a controverted fact, but conceded throughout the trial, and parties must be held to the theory on which they try their cases in the circuit courts.

Finding no error we affirm the judgment. SHERWOOD and BURGESS, JJ., concur.