JOHN V. ROUNDTREE, Respondent, v. KANSAS CITY PORTLAND CEMENT COMPANY, Appellant.

### Kansas City Court of Appeals, May 29, 1911.

1. MASTER AND SERVANT: Guarded Machinery: Pleading: Same Cause of Action. Where an action is brought under section 7828, R. S. 1909, providing for the guarding of machinery or the posting of notice of danger, the petition should allege facts which show the statute has been violated and therefore it should state that the machinery was so placed as to be dangerous to employees while engaged in their ordinary duties and that though it could be guarded it was not. And if the lack of notice is relied upon, it should be alleged that there was no notice posted. Where the petition is based only upon the failure to guard when it could be done, there can be no recovery for failure to post a notice.

2. ———: ———: ———: Evidence. If the petition declares on both a failure to guard the machinery as directed by section 7828, R. S. 1909, when it could be done, and a lack of notice, and it is shown that there was no guard and no notice, a case is made against the operator without going further and showing that the machinery could have been guarded. But if the petition is based on the clause of the statute requiring the machinery to be guarded if it can be, and it is shown that it can be, then the operator is not exonerated by showing that he posted a notice. (Millsap v. Beggs, 122 Mo. App. 1, distinguished.)

Appeal from Jackson Circuit Court—*Hon. Walter A. Powell, Judge.*

REVERSED AND REMANDED.

*Warner, Dean, McLeod & Timmonds* for appellant.

*Moore & Creel* and *James A. Kemper* for respondent.

ELLISON, J.—Defendant operated an establishment for the manufacture of cement, and plaintiff was an employee, and while engaged therein his clothing was caught in cogwheels or gearing used in the operation of the machinery and he was injured. This action is founded upon a petition in two counts: the first, at common law, was abandoned under direction of the court. The second count was based on the following statute:

"Sec. 7828.—The belting, shafting, machines, machinery, gearing and drums, in all manufacturing, mechanical and other establishments in this state, when so placed as to be dangerous to persons employed therein or thereabout while engaged in their ordinary duties, shall be safely and securely guarded when possible; if not possible, then notice of its danger shall be conspicuously posted in such establishments."

Plaintiff had judgment in the trial court.

The petition is based solely on the clause of the section as to guarding the machinery, and no complaint is made as to there being no notice. Its legal sufficiency is attacked by defendant; the ground of criticism being that it does not allege that the machinery was so placed as to be dangerous to workmen while engaged in their ordinary duties; nor did it state that it was possible to guard it. The action is founded upon the statute, and the petition, in order to state a case, should allege facts which show the statute has been violated. Such has been the view in this State as expressed on kindred questions. [Barker v. Ry. Co., 91 Mo. 86; Case v. Zinc Co., 103 Mo. App. 477.] The case of Laporte Carriage Co. v. Sullender, 165 Ind. 290, was an action under a statute quite like the one here involved, and the rule was announced as we have stated it.

There was considerable said by both parties at the argument concerning the case of Millsap v. Beggs, 122

Mo. App. 1.    It seemed to be feared by defendant that that case might be construed as holding that it need not be alleged or proved that the machinery could be guarded.    The paragraph of the opinion which is referred to, is as follows: "It is conceded that there were no guards about the machine and as the statute directs that there shall be 'when possible,' the plaintiff undertook to show, and introduced evidence at the trial tending to show, that it was practicable to reasonably safely guard the machine.    But the statute aforesaid demands of the employer that in the event of a safeguard being 'not possible' that 'then notice of the danger shall be conspicuously posted.'    In view of this provision, it was an unnecessary burden assumed by the plaintiff in proving negligence by showing that this machine might have been guarded; for if it is the instrumentality or machine contemplated by the statute, and, from its nature, cannot be guarded, then the duty arises to post the notice and a failure to post is negligence *per se*.    The evident meaning of the statute is that if the machinery may be guarded and is not, it is negligence, even though a notice is posted; and if it is operated and is not guarded because it cannot be, it is still negligence unless a notice is posted."

Those observations were based on the petition in that case which declared on the whole statute; that is, that the machinery was not guarded, though possible to do it, and also that no notice was posted.

If it is shown that a person operates machinery which is dangerous to an employee engaged in his ordinary duties and that it is not guarded and there is no notice posted, a case is made; and it is a waste of time to show that it might have been, or was reasonably possible to guard it, for that could not possibly help either party. If it is not possible to guard the machinery, then the notice should be posted.    If it is possible to guard it and it is not done and no notice is posted, a case is made against the operator.    The posting of a notice, instead of guarding the machinery, where it can be done, will not

exonerate the operator, for, if he can guard the machinery, he must do it.   [Huss v. Bakery Co., 210 Mo. 44.] The notice is only contemplated and only serves to exonerate the operator when it is not possible to guard the machinery.   Therefore a plaintiff could properly insist on liability although a notice was posted, if it be shown that the machinery could have been guarded.   But so far as the defendant's defense is concerned, if the evidence shows that the machinery is dangerous to persons while engaged in their ordinary duties, and is not guarded, and no notice is posted, he cannot escape liability; for if it could have been guarded, he is liable; and if it could not have been guarded, he is still liable for not posting a notice.   For this reason we said, in Millsap v. Beggs, that the plaintiff in that case assumed an unnecessary burden in undertaking to prove that the machinery could have been guarded, when it had already been made to appear that it was dangerous, was not guarded, and no notice had been posted.   So, whenever both failure to guard when it is possible, and to post a notice, is declared upon, proof that there is neither guard nor notice makes a complete case, without going on to show that there could have been a guard.

But in the instance before us, the plaintiff has not seen fit to allege anything in regard to the lack of notice. He has placed his whole case on a failure to comply with the statute in one respect only, viz., to guard the machinery which could have been guarded.   In that respect the case is like that of Huss v. Bakery Co., supra; and, like the plaintiff in that case, the plaintiff here is seeking to brace his case by calling to his aid the other cause named in the statute.   But, as ruled in that case, he cannot do this . He is bound on appeal by the case stated and tried in the circuit court.

The petition not stating a cause of action as it now reads, may be amended.   The judgment is reversed and the cause remanded.   All concur.