# THE FARISH COMPANY, Appellant, v. BROWN-EVANS MFG. CO., Respondent.

## Kansas City Court of Appeals, May 2, 1921.

1. **APPEAL AND ERROR: Pleading: Practice: Original Petition after Amendment Considered Abandoned Pleading and not Part of Record Proper.** Where an amended petition is filed, the original becomes an abandoned pleading, and, as such, can no longer be regarded as part of record proper, and can only be brought to attention of appellate court by preserving it in bill of exceptions, and showing it in that part of abstract.

2. ———: **Where Original Petition is not Shown in Bill of Exceptions the Striking Out of Amended Petition as Departure Therefrom Cannot be Reviewed.** Under rule 12, of Court of Appeals, clerk of trial court in making transcripts, where an amended pleading has been filed, is required to treat last amended pleading as the only one of that order in cause, and refrain from setting out any abandoned pleadings as part of record, unless made such by bill of exceptions, and where a demurrer to an original petition was sustained and amended petition stricken out on ground that it was a departure, the point cannot be reviewed where original petition appeared in record proper and not in bill of exceptions.

3. ———: **Rule as to Similarity of Theory in Appellate Court as in Trial Court Does not Allow Former to Notice Matters which can Only be Brought to its Notice in a Particular Manner.** Where abandoned original petition was not incorporated in bill of exceptions, and it was urged that striking out of amended petition should be considered because trial court took judicial notice of original petition, although not introduced in evidence, on hearing on motion to strike out, *held*, the rule as to similarity of theory in appellate court as in trial court does not allow former to notice things which can only be brought to its notice in a particular way.

4. **COURTS: Controlling Decision: Obiter Dicta: Ruling of Supreme Court not Obiter Because Same Result Could be reached by Decision on Another Ground.** Where Supreme Court ruled that abandoned pleading superseded by amendment could not be considered on appeal because not properly preserved in bill of exceptions such ruling was not mere *obiter* though same result would be reached by disposition of case on another ground, and the Court of Appeals is required to follow such decision.

Appeal from the Circuit Court of Pettis County.—*Hon. H. B. Shain,* Judge.

AFFIRMED.

*Lamm, Bohling & Lamm* for appellant.

*Wilkerson & Barnett* for respondent.

TRIMBLE, P. J.—In this case plaintiff's original petition was demurred to and the demurrer was sustained. Thereupon plaintiff asked and obtained leave to file an amended petition and afterward, within the time allowed, duly filed the same. Upon this being done, defendant filed a motion to strike out the amended petition on the ground that the cause of action therein alleged was a departure from the one attemped to be set up in the original petition. This motion to strike out was sustained. The plaintiff excepted, submitted to judgment, took a bill of exceptions and appealed.

Appellant brought up its abstract with the original petition printed as a part of the record proper and it nowhere appears in the abstract of the bill of exceptions, only the motion to strike out, the courts ruling thereon and the plaintiff's exceptions thereto, and the declination to plead further, appearing in said abstract of the bill of exceptions.

We are, therefore, confronted at the outset with defendant's contention that the original petition is not properly before us, and that as we cannot compare the amended with the original petition, we are in no position to review the propriety or correctness of the trial court's action in ruling that there was a departure.

It has been several times held that where the plaintiff files an amended petition the original becomes an *abandoned* pleading and, as such, it can no longer be regarded as a part of the record proper; and it can only be brought to the attention of the appellate court

by preserving it in the bill of exceptions and showing
it in that part of the abstract. [Mugan v. Wheeler, 241
Mo. 376, 381; Campbell v. Boyers, 241 Mo. 421, 431;
Menx v. Haller, 179 Mo. App. 466, 471; Missouri Pac.
R. Co. v. Continental National Bank, 212 Mo. 505, 516;
Forrister v. Sullivan, 231 Mo. 345, 352; Briscoe v.
Metropolitan St. Ry. Co., 222 Mo. 104, 114.] And our
rule 12 directs the clerk of the trial court, in making
transcripts, where an amended pleading has been filed, to
"treat the last amended pleading as the only one of
that order in the cause" and to "refrain from setting
out any abandoned pleadings as part of the record, unless
it be made such by a bill of exceptions."

In the case at bar, the abandoned original petition
was not in fact incorporated in the bill of exceptions
and, of course, it does not appear in the abstract there-
of. It is urged that the case on appeal should be dis-
posed of on the same theory as in the trial court. No
doubt that is true as to theory in certain regards; but
while it is true that the trial court, in hearing and
ruling on the motion to strike out, perhaps did proceed
as if it took judicial notice of the original petition, and
doubtless the same was not introduced in evidence on
the hearing of the motion, yet the rule as to similarity
of theory in the appellate as in the trial court does not
allow the former to notice things which can only be
brought to its notice in a particular way. It is also
true that, in the hearing on the motion to strike out,
the defendant and not the plaintiff was making the
record, and therefore, if it was necessary to introduce
the original petition in evidence before the trial court
could rule on the motion to strike out the amended
petition, it was the defendant's duty to have introduced
it; but even if, in that event, the motion was sustained
without evidence to support it, that fact does not affirma-
tively appear in the bill of exceptions, nor was any such
point or objection made on that ground. But, even if
the abandoned original petition was not, but should have

The Farish Co. v. Brown-Evans Mfg. Co.

been, formally introduced in evidence in the hearing on the motion, yet that did not prohibit plaintiff from incorporating it in the bill of exceptions as an instrument that had been *filed* in court, nor did it forbid plaintiff from having it made a part of the bill of exceptions in connection with the plaintiff's exceptions attempted to be saved to the sustaining of the motion.

It is true, in a number of the cases cited above, the abandoned pleading was sought to be made use of *as evidence,* for example, as an admission and the like; but in at least the first three cases cited above the original petition was sought to be made the same use of as here, namely, to show the situation as to whether there was a departure or not, and yet the ruling was that the abandoned pleading, not being shown in the abstract of the bill of exceptions, could not be considered on appeal. The fact that appellant in those cases failed to save any exception to the trial court's ruling may perhaps have authorized the same result as was reached by the appellate court, but the disposition made of the case was not placed on that ground, but distinctly on the ground that the abandoned pleading could not be considered, not having been properly preserved. Such ruling was, in all of the cases except one, made by a court whose decisions we are required to follow; hence we cannot say the ruling was not necessary to a determination of the case and was, therefore, mere *obiter,* which we are at liberty to disregard. It is unnecessary to say what our holding would be were we left free to follow our own inclinations and announce the rule for the first time. As we view the above mentioned decisions, we are precluded from considering the original petition.

There being nothing before us in the record enabling us to say the court erred in its ruling, the judgment must be, and is, affirmed. The other judges concur.