PEGGY PAVLO, RESPONDENT, v. FORUM LUNCH COMPANY, DEFENDANT.*
—19 S. W. (2d) 510.

Kansas City Court of Appeals.  April 1, 1929.

*Mosman, Rogers & Buzard* for appellant.

*W. T. Alford* for respondent.

ARNOLD, J.—This is an action in damages for personal injury. Defendant is described in the pleadings as a corporation engaged in the restaurant business at 810-812 Grand Avenue, Kansas City, Missouri, and selling its commodities to the public. It appears plaintiff had been in the employ of defendant for about two years, but during that period all of her time was not required by defendant; and as part of her duties in serving the public, she was required to operate a bread-slicing machine. The said machine was operated by hand by turning a wheel at the right of the operator. There was a handle on the outside of the wheel which was similar to a fly wheel, and was attached to a shaft running the full length of the machine. At the other end of the shaft was attached a disc blade about ten inches in diameter. This blade was not centered on the shaft, but to one side of the center which caused it to have not only a rotary motion but a motion upward and downward, depending upon the position, of the operating fly wheel, such a motion as is usually effected by the use of a cam. The bread was placed upon a tray located immediately below the shaft at the right hand end of the device, and passing under the disc knife at the other end thereof. Below the machine was another shaft which was also put in operation by the operator by turning the fly wheel, and was in the nature of a screw shaft, the purpose of which was to push the bread along the tray through an opening at the left of the machine where the knife revolved, a slice of bread being cut with every revolution of the knife. As the bread passed through the machine the slices came out on an extension tray beyond the knife. The eccentric movement of the knife was such that when the blade was up at the highest point of its revolution, a loaf of bread could pass through the opening below without coming in contact with the knife. It appears there was an attachment to the machine which regulated the thickness of the slices.

On May 3, 1926, plaintiff, in the course of her employment, as one of the first acts when beginning her duties, started to slice bread for sale at her counter. The loaves were "restaurant size," being from 15 to 18 inches in length, and four or five inches in height and width. The machine was so constructed, or geared, that when the handle on the operating wheel was at the low point the circular blade was at the top of its revolution. After the operator sliced the loaf,

it was necessary for her to pass to the left a distance of about three and a half feet past the cutting blade, and there remove the slices which were in contact, and in doing so her right hand came under the blade which was supposed to be stationary at the top of its revolution; the blade came down upon the fingers of her right hand, resulting in the injury to one finger for which damages are sought in this action. There is testimony tending to show that the ring, or third finger of plaintiff's right hand was badly cut through the nail and flesh, the finger being split open. The first amended petition upon which the cause was tried charges negligence, as follows:

"That defendant herein negligently failed to safely and securely guard the knives on said machine when it was possible to do so, and when it knew or in the exercise of ordinary care ought to have known that plaintiff in the performance of her duties was called upon to work on and about said machine and that it was dangerous to persons including plaintiff working around the same."

The petition also alleges that the bread cutting machine was located in the building and room of defendant; that plaintiff was unacquainted with the technique in regard to the mechanism of said machine "except to say that said machine would automatically, with proper operation, cut bread into various slices or sizes . . ." Damages were asked in the sum of $5,000.

Defendant filed its answer consisting of a general denial. The record shows that on January 17, 1928, defendant filed its amended answer to plaintiff's first amended petition. This answer is a general denial and, as affirmative defense, pleads contributory negligence, in that plaintiff attempted to remove the slices of bread from the machine while the cutting knife was still in operation, and in not stopping the operation of said knife; that she carelessly and negligently placed her hand farther than was necessary into said machine and "carelessly and negligent suffered, permitted and allowed her hand to come in contact with the cutting blade of said machine."

The reply was a general denial. The cause was tried to a jury, resulting in a verdict for plaintiff in the sum of $1,000. A timely motion for a new trial was overruled and defendant has appealed.

There are eight assignments of error, embracing the following points: (1) That the court erred in overruling the demurrer at the close of plaintiff's case; (2) in overruling special demurrers to plaintiff's evidence; (3) in refusing to give defendant's peremptory instruction at the close of all the evidence; (4) in submitting the case to the jury without any instructions on behalf of plaintiff, other than on the measure of damages; (5) in giving plaintiff's instruction 1-P; (6) in refusing defendant's instructions 8 and 9; (7) in admitting incompetent, irrelevant and immaterial testimony in behalf of plaintiff relative to guards on the machine

in question; and (8) in overruling defendant's motion for a new trial because the verdict is excessive.

Assignments 1, 2 and 3, may be considered together, being so closely allied. In this connection it is insisted the court should have sustained defendant's demurrer to the petition, for the reason that said petition, as originally filed, sought to recover on the *res ipsa loquitur* doctrine, but the pleaded facts did not state a cause of action on such theory, or show that it was a proper case for the application of the doctrine. It is charged that all that was stated therein was—

". . . while said machine was standing stationary and while said sharp edges were in a stationary position, said machine was negligently caused to descend upon plaintiff's fingers," etc.

It is argued the pleaded facts do not show that the machine failed to function or operate in a normal manner, or that it suddenly started without being put into operation according to the usual and known mode provided for the purpose, and there was no claim that it was defective.

The cause of action is brought under the following provisions of Section 6786, Revised Statutes 1919:

"The belting, shafting, machines, machinery, gearing and drums in all manufacturing, mechanical and other establishments in this State, when so placed as to be dangerous to persons employed therein or thereabout while engaged in their ordinary duties, shall be safely and securely guarded when possible; if not possible, then notice of its danger shall be conspicuously posted in such establishments."

In Pildner v. Marble & Tile Co., 239 S. W. 1095, 1096, the St. Louis Court of Appeals, in discussing the sufficiency of a petition under this statute, uses this language:

"The petition is based solely on the clause as to guarding the machinery. There is no complaint in this petition as to there being no notice. The cause of action being based upon the failure to guard the machinery, it should allege the facts necessary to bring it within the provisions thereof by stating that such machinery was dangerous, or so placed as to be dangerous to persons employed therein or thereabout while engaged in their ordinary duties, and also that it was possible to guard such machinery. The petition failing to allege either of these facts, it fails to state a cause of action under said section." [See also Roundtree v. Cement Co., 156 Mo. App. 679, 137 S. W. 1012.]

Defendant attacks the sufficiency of the original petition to state a cause of action and insists the demurrer thereto should have been sustained. But, under the state of the record, this charge of error is not available to defendant. While the original petition is set out in the record proper, it was not preserved in the bill of exceptions, and is therefore not before us for consideration. In Farish v. Man-

ufacturing Co., 230 S. W. 365, this court held, in effect, that where plaintiff files an amended petition, the original becomes an abandoned pleading, and, as such, can no longer be regarded as a part of the record proper, and can only be brought to the attention of the appellate court by preserving it in the bill of exceptions and showing it in that part of the abstract. In the case at bar, defendant presented its abstract with the original petition printed as part of the record proper, and it nowhere appears in the abstract of the bill of exceptions. The original petition is not properly before us for consideration and as we cannot compare the original with the amended petition, the former is not before us for review. See the Farish case, supra, and cases therein cited on this point. The amended petition must be held to state a cause of action under the statute and decisions; and that is the only one we may here consider. The court did not err in overruling defendant's demurrer thereto.

Before proceeding with a discussion of other points raised it is necessary to dispose of plaintiff's motion to dismiss the appeal. Such motion was timely filed and attacks the sufficiency of defendant's statement of the case in that it does not comply with the requirements of Section 1511, Revised Statutes 1919, and Rule 16 of this court, both of which provide that the statement filed by the appellant shall consist of a clear and concise statement of the case without argument, reference to issues of law, or repetition of testimony of witnesses.

An examination of the statement of defendant shows that it may be slightly violative of the rule, yet it is not lengthy, and we can grasp the material points of the case without unnecessary reference to the abstract of the record. We think the slight faults in the statement are not such as to require dismissal of the appeal as provided in our Rule 18. The motion to dismiss the appeal is overruled.

Reverting to the appeal on its merits, defendant charges plaintiff failed to make a case for the jury under any theory attempted to be set forth in the petition, and therefore the special demurrers at the end of the case should have been sustained. In passing upon demurrers it is the rule, oft repeated, that we must accept plaintiff's evidence as true and consider all reasonable intendments in plaintiff's behalf to be drawn from defendant's evidence. Citations on this general rule are not deemed necessary. However, the cause is bottomed on the question of failure to guard, and if there is any substantial testimony that the machine was not guarded at the time of the accident, then the submission of the case to the jury was proper. Plaintiff testified there was no guard at the point on the machine from which the operator was required to remove the sliced bread. This was substantial evidence and supports the ruling of the court in this respect.

It is insisted the court erred in not directing a verdict for defendant, but as we have already passed upon this point against defendant's contention, we need not consider it further here. It is urged under another point that the court erred in submitting the case without instructions. The facts of record are that the only instruction asked by plaintiff was the one given on the measure of damages. While this practice may be condemned, it seems to us plaintiff assumed all the risk in connection therewith. We see no ground for complaint on the part of defendant if plaintiff failed to ask instructions in her own behalf. In Wilson v. Railway, 99 S. W. 465, this court said:

"It is now well settled law in this State that the courts in civil cases are not required to instruct unless requested to do so."

Moreover, the court is not required in civil cases to instruct on all questions whether suggested or not. [Browning v. Railroad, 124 Mo. 55; Chicago, etc., Co. v. Randolph Co., 103 Mo. 451.] It is also firmly established that in civil cases failure to instruct on propositions not requested by counsel does not constitute error. [Feary v. O'Neill, 149 Mo. 467; State to Use v. Excelsior Dist. Co., 20 Mo. App. 21; Farmer v. Farmer, 129 Mo. 530.] The defendant's citations on this point condemn the practice of counsel in submitting the case on the one instruction, yet they hold there is no reversible error if this is done.

Defendant charges the court committed error in giving plaintiff's instruction on the measure of damages, as follows:

"The court instructs the jury that, if you find the issues in favor of the plaintiff, then you should assess her damages at such sum as you may believe and find from the evidence would fairly and reasonably compensate her for the injuries, if any, sustained as a direct result of the negligence of the defendant, if any; and in assessing such damages, if any, you may consider the pain and suffering which you may find from the evidence she has suffered, if any, and you may further consider the permanency, if any, of said injuries."

The error complained of is that the instruction, in addition to the measure of damages, uses the words "as a direct result of the negligence of defendant, if any . . . ," and that the instruction thus submitted negligence in general terms, and directed a verdict upon a finding of such negligence. The complaint is the court erred in not definitely defining the issues which the jury were to pass upon.

It is noted the instruction does not purport to cover the entire case, nor does it direct a verdict. The instruction begins—

" . . . if you find the issues in favor of plaintiff, then you should assess her damages . . ."

There was no error in the instruction as given. Grier v. Railway, 286 Mo. 523, 228 S. W. 454. The rule is that an instruction on the

measure of damages in general terms is not reversible error in the absence of a request for a more specific instruction. [Miller v. Insurance Co., 9 S. W. (2d) 672, 673.] No more particular instructions on the measure of damages were asked by defendant and in the absence of such a request the trial court may not be convicted of error.

Defendant asked, and the court gave, instruction No. 2, which told the jury that they could not find defendant guilty of any negligence by reason of the claim that while the machine—"was standing stationary and the sharp edges were in a stationary position, said machine was negligently caused to descend upon the plaintiff's finger and this charge of negligence is withdrawn from your consideration." And so that charge of negligence disappears from the case.

The court gave instructions 3, 4, 5 and 6, submitting the converse rule as to what was necessary, under the guarding statute before plaintiff could recover, as well as instructions on the burden of proof and contributory negligence. There appears no conflict between plaintiff's instruction on the measure of damages and defendant's instructions, and there was no error in this respect.

It is charged the court erred in refusing defendant's instructions 8 and 9. Defendant, by these instructions, sought to withdraw from the consideration of the jury the question of failure to guard the machine. Under the amended petition, upon which the cause was tried, these instructions would have had the effect of a peremptory instruction to find for defendant. Their basis is the assumption of defendant that the restaurant, or cafeteria, in question does not come within the terms of the guarding statute. But we are not in accord with this view. In Austin v. Shoe Co., 158 S. W. 709, 713, the St. Louis Court of Appeals held as to Section 6786, Revised Statutes 1919, as amended in 1909 (Acts 1909, p. 502), as follows:

"The effect of the amendment of 1909 was to broaden the scope of the original enactment and take. in all manufacturing and machinery in all manufacturing, mechanical and other establishments in our State, when so placed as to be dangerous to persons employed therein or thereabout while engaged in their ordinary duties."

The obvious purpose of the statute was to protect the lives and limbs of employees in respect to dangerous machines. [Henderson v. Const. Co., 199 S. W. 1045.] We rule against defendant on this point.

It is charged the court erred in admitting incompetent evidence relative to the guarding of the machine. In support of this charge it is argued that because the original petition did not contain this allegation of negligence, it was improper to admit evidence on that point. As we have already held the amendment by interlineation was

properly permitted and as that amendment contained such an allegation, the court properly admitted evidence in support thereof. It was held in Stoll v. Electric Co., 240 S. W. 245, that mechanical establishments were included within the terms of the statute, and that the same applied to the unguarded rollers of a washing machine. We must hold that the court did not err in admitting the evidence complained of. The machine in question, as shown by the evidence, was located within the room where employees were required to work at their common duties and evidence relative to its safeguarding could not have been properly excluded.

Finally it is urged the judgment was excessive; that the only injury received by plaintiff was a cut on the end of one of her fingers; that the nail was split and the finger cut at the side of the nail; that the injury did not extend beyond the first joint of the finger; that in two weeks plaintiff returned to the restaurant and attempted to work. However, there is testimony in plaintiff's behalf that the cut was through the nail, down through the finger and back through the nail; finger also cut by the side of the nail back to first joint; nail swelled; plaintiff had a very sore hand which was treated by a doctor every day for two weeks; there were red streaks running up to right elbow; plaintiff suffered much pain; she has lost grip in right hand, the finger is stiff and cramps and the finger nail is disfigured permanently.

We are loath to interfere with the verdict of a jury where they were in position to see the effects of the injury and passed upon it. Moveover, the trial court refused to interfere with the amount of the verdict, and we are not inclined to do so. The judgment is affirmed. *Bland, J.,* concurs; *Trimble, P. J.,* absent.